**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

May 25 2012, 9:16 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHANE J. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1107-CR-350 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael R. Rader, Judge
Cause Nos. 84D05-1006-FD-2121, 84D05-1006-FD-1923, 84D05-1005-FD-1552

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Shane Johnson appeals the revocation of his probation. He presents three issues for our review:

1. Whether the trial court violated Johnson's due process rights;

2. Whether the trial court abused its discretion when it revoked Johnson's work release and probation; and

3. Whether the court's statement of Johnson's remaining sentence and credit time is ambiguous.

We affirm in part and remand.

**FACTS AND PROCEDURAL HISTORY**

On January 7, 2011, in a proceeding that resolved three separate causes, Johnson pled guilty to Class D felony operating a vehicle while intoxicated[1] and two counts of Class D felony theft.[2] The trial court imposed the following sentences: two years executed on work release and one year suspended to probation for Class D felony operating a vehicle while intoxicated; two years executed on work release and one year suspended to probation for one of the Class D felony theft counts; and two years executed on work release with one year suspended to probation for the other Class D felony theft count. The court ordered the first two sentences to run concurrently, with the third sentence running consecutively to the other two. Thus, Johnson's aggregate sentence was four years executed on work release and two years suspended to probation. The trial court gave Johnson credit for 172 actual days served

---

[1] Ind. Code § 9-30-5-3.
[2] Ind. Code § 35-43-4-2.

2

in jail awaiting trial and 80 days served on work release as a condition of his pre-trial release.

On April 20, 2011, the State filed a petition to revoke Johnson's probation. On June 7, the State filed an amended petition to revoke Johnson's probation, alleging he twice tested positive for drugs and on five separate occasions was unaccounted for from his work release facility.

The trial court held a hearing on June 28 and revoked Johnson's probation. The trial court stated Johnson was to serve a "six (6) year sentence [in the Indiana Department of Correction] less any credit time." (Tr. at 13.)

## DISCUSSION AND DECISION

1.    <u>Due Process</u>

As a probation revocation deprives a probationer of only his conditional liberty, he is not entitled to the full due process rights afforded to him during a criminal proceeding. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). The minimum requirements of due process in a probation revocation proceeding are:

> (a) written notice of the claimed violations of probation;
> (b) disclosure to the probationer of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
> (e) a neutral and detached hearing body; and
> (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation.

*Id*. Johnson asserts the trial court did not allow him "to present evidence in his own defense or otherwise be heard." (Br. of Appellant at 13.) However, the record indicates Johnson

3

cross-examined the State's witness and did not indicate he had evidence to present on his behalf. The court permitted Johnson to speak on his behalf, however, it stated: "Well he has no right of allocution at a revocation hearing. If you want to speak, you go right ahead. I'm not going to change my mind. That's your sentence." (Tr. at 13.)

Johnson did, in fact, have a right to speak at his probation hearing. *See Cox*, 850 N.E.2d at 488 (probationer has right to speak at revocation hearing). However, the trial court's erroneous statement indicating the contrary was harmless because Johnson was permitted to speak, and he gave a short explanation for his absence from the work release program. We do not know what consideration, if any, the trial court gave to his statement, and thus Johnson's argument is an invitation for us to reweigh the evidence, which we may not do. *See King v. State*, 642 N.E.2d 1389, 1393 (Ind. Ct. App. 1994) (appellate court does not reweigh evidence or judge credibility of witnesses).

2.  Revocation of Probation

Probation revocation proceedings are civil in nature, and the State must prove a violation of the conditions of probation by a preponderance of the evidence. Ind. Code § 35-38-2-3(e). The decision to revoke probation is reviewed for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it. *Id*. When reviewing the sufficiency of evidence supporting a probation revocation, we neither reweigh the evidence nor judge the credibility of witnesses, but look at the evidence most favorable to the State. *King*, 642 N.E.2d at 1393. If there is

4

substantial evidence of probative value to support the trial court's decision that the probationer violated probation, revocation is appropriate. *Id*.

Johnson does not dispute he violated his probation by twice testing positive for drugs and by having five unauthorized absences from his work release facility. Instead, he argues the trial court abused its discretion when it did not accept the agreement he reached with the State prior to the probation revocation hearing. However, the court was not required to accept such an agreement. *See Isaac v. State*, 605 N.E.2d 144, 146 (Ind. 1992), (trial court is authorized to refuse probation revocation agreement entered between parties), *cert. denied*, 508 U.S. 922 (1993).[3]

The trial court acted within its discretion when it ordered Johnson to serve the remainder of his suspended sentences considering Johnson has a lengthy criminal past as both a juvenile and adult and had previously violated probation for another offense. Therefore, we cannot hold it abused that discretion. *See* Ind. Code § 35-38-2-3(g)(3) (trial court may revoke entire suspended sentence when it finds probationer violated probation).

3.    Sentencing Statement

When it is unclear from the record whether the written order or the oral revocation statement is correct, we may credit the statement that accurately pronounces the terms of revocation intended by the trial court, or we may remand for reconsideration of the

---

[3] In support of his contention the trial court was bound by the agreement he made with the State regarding the revocation of his probation, Johnson cites *Watson v. State*, 833 N.E.2d 497, 500 (Ind. Ct. App. 2005). However, *Watson* is inapposite because, unlike in the instant case, the trial court signed a previous order in which the parties agreed Watson's probation would not be revoked if he complied with the stipulations of the probation modification agreement. *Id*.

revocation terms. *See McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007) (when written and oral sentencing statements are not the same, we may credit the statement that accurately pronounces the sentence intended by the trial court or we may remand for resentencing). We may also remand for correction of clerical errors if the trial court's intent is unambiguous. *See Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010 (may remand for correction of clerical errors in sentencing statement if trial court's intent is unambiguous) ), *reh'g denied*.

During the probation revocation hearing, the trial court ordered Johnson to serve "a six (6) year sentence less any credit time," (Tr. at 13), which represents an aggregate of the remainder of the sentences on the three convictions for which he was on probation: "Show the sentence is three (3) years in [cause number ending in] 1552 and in FD 1923 you are sentenced to the balance of three years and then consecutive to that, the balance of the sentence of three (3) years in FD 2121." (*Id.*)

On June 28, 2011, the trial court entered an order revoking Johnson's probation and stated, regarding the amount of time Johnson had to serve following revocation:

> In **Cause No. 1006 FD 2121**, the Court revokes the Defendant's suspended sentence for 2 years at the Indiana Department of Correction. The Defendant will receive no jail time credit in this cause. Upon release from custody, the Defendant will be placed on informal probation for 1 year. The sentence is to run consecutive to the sentence [sic] imposed in 1006 FD 1923 and 1005 FD 1552.
> In **Cause No. 1006 FD 1923**, the Defendant's suspended sentence is revoked for 3 years at the Indiana Department of Correction. The Defendant will receive no jail time credit in this cause. This sentence shall run concurrent to the sentence imposed in 1005 FD 1552 and consecutive to 1006 DF [sic] 2121.
> In **Cause No. 1005 FD 1552**, the Defendant's suspended sentence is revoked for 3 years at the Indiana Department of Correction with credit for 172 actual days served in the Vigo County Jail and 80 days served on Work

6

Release as a condition of pre-trial release.  Further, he will receive credit for 152 actual days on Work Release as a direct commitment and 20 actual days served in the Vigo County Jail.  This sentence is to run concurrent to 1006 FD 1923 and consecutive to 1006 FD 2121.

(App. at 22) (emphasis in original).  On August 10, the trial court entered a *Nunc Pro Tunc* order which stated:

> The Court now amends the prior order of June 28, 2011, as follows:
> In **Cause No. 1006 FD 2121**, the Court revokes the Defendant's suspended sentence for 2 years at the Indiana Department of Correction.  The Defendant will receive no jail time credit in this cause.  The sentence is to run consecutive to the sentence [sic] imposed in 1006 FD 1923 and 1005 FD 1552.
> In **Cause No. 1006 FD 1923**, the Defendant's suspended sentence is revoked for 3 years at the Indiana Department of Correction with credit for 172 actual days served in the Vigo County Jail and 80 days served on Work Release as a condition of pre-trial release.  Further, he will receive credit for 152 actual days on Work Release as a direct commitment and 20 actual days served in the Vigo County Jail.  This sentence shall run concurrent to the sentence imposed in 1005 FD 1552 and consecutive to 1006 DF [sic] 2121.
> The balance of the prior order of June 28, 2011, shall remain in full force and effect.

(*Id*. at 24) (emphasis in original).  On August 30, the trial court entered a second *Nunc Pro Tunc* order, which stated:

> The Court now amends the prior order of August 20, 2011, as follows:
> In **Cause No. 1006 FD 2121**, the court revokes the Defendant's direct placement in Work Release for 2 years at the Indiana Department of Correction and his probation for 1 year.  The Defendant will receive no jail time credit in this cause.  The sentence is to run consecutive to the sentence [sic] imposed in 1006 FD 1923 and 1005 FD 1552.
> In **Cause No. 1006 FD 1923**, the court revokes the Defendant's direct placement in Work Release for 226 days at the Indiana Department of Correction and his probation for 1 year with credit for 152 actual days served on pre-trial Work Release and 20 actual days served in the Vigo County Jail.  This sentence shall run concurrent to the sentence imposed in 1005 FD 1552 and consecutive to 1006 FD 2121.
> In **Cause No. 1005 FD 1552**, the court revokes the Defendant's direct

placement in Work Release for 226 days and his probation for 1 year to be served in the Indiana Department of Correction. The Defendant is to receive credit for 152 days on Work Release and 20 days served in the Vigo County Jail. The sentence is to run concurrent to the sentence imposed in 1006 FD 1923 and consecutive to 1006 FD 2121.

The balance of the prior order of August 20, 2011, shall remain in full force and effect.

(*Id*. at 25) (emphasis in original).

Johnson argues the sentencing orders are "inconsistent and confusing and, at least one of those sentencing orders reflects a sentence beyond the maximum statutory penalty." (Br. of Appellant at 19.) The State concedes the orders are "ambiguous and contain certain clerical errors." (Br. of Appellee at 9.) We agree the orders, taken together or separately, are confusing. We remand to the trial court for a detailed probation revocation order which correctly states Johnson's original sentence, time served and credit received, and time ordered served under the revocation for each cause number. In addition, the new order shall indicate the aggregate period of time Johnson is to serve incarcerated under the revocation, as to clarify any difficulties in interpretation of the separate parts of the order.

**CONCLUSION**

Even though the trial court erred when it told Johnson he did not have a right to speak during his probation revocation hearing, the error was harmless because Johnson was given a chance to speak and any argument he makes regarding whether the trial court gave credit to that statement is an invitation to reweigh the evidence, which we may not do. Additionally, the trial court did not abuse its discretion when it revoked Johnson's probation under terms different from those to which Johnson and the State agreed, as the trial court was not

8

obligated to accept any agreement between the parties and the terms of revocation were statutorily appropriate.

However, the trial court's revocation orders and the oral statement of revocation at the probation revocation hearing are ambiguous and confusing. Accordingly, we remand to the trial court for a more specific statement of the terms of Johnson's probation revocation consistent with the recommendations of this opinion.

Affirmed in part, and remanded.

CRONE, J., concurs.

ROBB, C.J., concurring with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

SHANE J. JOHNSON,         )
           )
    Appellant-Defendant,    )
           )
      vs.        )     No. 84A01-1107-CR-350
           )
STATE OF INDIANA,       )
           )
    Appellee-Plaintiff.     )

**ROBB, Chief Judge, concurring**

I respectfully concur but write separately to clarify my opinion regarding the due process issue which Johnson raises.

The trial court stated: "If you want to speak, you go right ahead. I'm not going to change my mind. That's your sentence." Tr. at 13. While the majority concludes that it does not know what consideration, if any, the trial court gave to Johnson's subsequent statement, I would take the trial court's statement at face value – it did not consider Johnson's statement at all. A right to speak inherently includes the right to have a judge listen when one speaks, and for that reason I believe it was improper for the trial court to state that it is not going to

10

listen. The trial court's statements are not evidence, and to accept them at face value is not reweighing evidence. Nevertheless, because Johnson was able to, and did, cross-examine the State's witness and did not indicate he had evidence to present on his behalf in attempt to explain and mitigate his violation, I concur in the result which the majority orders.