David E. SNOWBERGER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 09A02–1005–CR–570.

Court of Appeals of Indiana.

Dec. 10, 2010.

Matthew D. Barrett, Matthew D. Barrett, P.C., Logansport, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

David E. Snowberger appeals the revocation of his probation. Snowberger raises four issues, and we find the issue of whether the evidence is sufficient to support the revocation of his probation to be dispositive. We reverse.[1]

The relevant facts follow. Snowberger's weekly child support obligation under cause number 09C01–0506–DR–58 ("Cause No. 58") in the Cass Circuit Court was $294. On August 20, 2008, the State charged Snowberger with nonsupport of a dependent child as a class C felony under Ind.Code § 35–46–1–5.[2] On August 19, 2009, pursuant to a plea agreement, Snowberger pled guilty to nonsupport of a dependent child as a class D felony, and the trial court sentenced Snowberger to two years, all of which was suspended to probation. The plea agreement contained the following condition related to child support:

> Restitution to Melissa Locke consistent with the amount owed on [Cause No. 58]. Defendant to make regular child support payments pursuant to court order. Each missed payment is a violation of probation. However, nonpayment must be proven to be willful and that defendant has the ability to make said payment(s). Defendant to cooperate fully in applications for workers compensation and disability, and to keep probation fully advised of his progress in these matters.

Appellant's Appendix at 18.

On September 29, 2009, the Cass County Probation Department filed a violation of probation. The violation of probation alleged in part that "[b]etween the dates of August 19th, 2009 and September 28th, 2009" Snowberger "failed to pay child support...." *Id.* at 13.

On May 10, 2010, the court held a hearing on the alleged probation violations at which the State and Snowberger presented the testimony of witnesses and other evidence. The State presented evidence of Snowberger's child support payment history and the testimony of Debra Sheets, an administrator who kept track of support

1. Snowberger also argues that the court abused its discretion in reinstating the entirety of his previously-suspended sentence and that a special prosecutor should have been appointed in the revocation proceedings. Because we reverse on other grounds, we need not address these arguments.

2. Ind.Code § 35–46–1–5 provides that "[a] person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Class D felony" and that "the offense is a Class C felony if the total amount of unpaid support that is due and owing for one (1) or more children is at least fifteen thousand dollars ($15,000)."

payments in Cass County, and Melissa Locke, Snowberger's ex-wife. Locke testified that she was not aware of any inability of Snowberger to support his children and that her children have stated that Snowberger "worked [for] cash," "sells hay out of his barn," "does side jobs for a friend," "works on tractors," and that "he's physically capable of working." Transcript at 8–9. Snowberger presented evidence of an injury to his foot, his notice from the Social Security Administration denying his claim for disability benefits, his own testimony, and the testimony of Terry Haney, the probation officer assigned to his case. Haney testified that he did not make any investigation as to whether Snowberger's nonpayment was willful or intentional. Haney also testified that he did not investigate Snowberger's ability to make child support payments. The court revoked Snowberger's probation and ordered him to serve his previously-suspended sentence of two years.

The issue is whether the evidence is sufficient to support the revocation of Snowberger's probation. The State must prove a probation violation by a preponderance of the evidence. *Parker v. State*, 676 N.E.2d 1083, 1086 (Ind.Ct.App. 1997) (citing *Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995), *reh'g denied*). On review, we neither weigh the evidence nor judge the credibility of witnesses. *Id.* We look only to the evidence most favorable to the State. *Id.* So long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment. *Id.* The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State*, 708 N.E.2d 32, 34 (Ind.Ct. App.1999).

Ind.Code § 35–38–2–2.3 provides in part that "[a]s a condition of probation, the court may require a person to do a combi-

nation of the following: ... (4) Support the person's dependents and meet other family responsibilities...." Ind.Code § 35–38–2–3(f) provides: "Probation may not be revoked for failure to comply with conditions of a sentence that impose [ ] financial obligations on the person unless the person recklessly, knowingly, or intentionally fails to pay."

Snowberger argues that "the revocation of his probation was not warranted because he did not recklessly, knowingly or intentionally fail to pay his child support pursuant to Indiana Code § 35–38–2–3(f)" and that the State failed to meet its burden of proving that non-payment was willful and that Snowberger had the ability to make such payments under the plea agreement. Appellant's Brief at 12. Snowberger argues that at the time the State filed its allegations of violation, he "did not yet have a legal duty to make any child support payments pursuant to the terms of the plea agreement" and that the "court order" in the plea agreement "was a direct reference to the then-pending ... domestic case in the Cass Circuit Court." *Id.* at 13. Snowberger argues that his probation officer filed the violation of probation "simply for the reason that there had been no payments for about a month after entry of the plea agreement—not pursuant to any order issued by the Cass Circuit Court" and that he "had the right to rely on the clear terms of the plea agreement." *Id.* at 13–14. Snowberger also argues that "the fact-finding hearing should have focused on the circumstances involving non-payment for the period of time between August 19, 2009 and September 28, 2009" and that "the trial court actually based its decision to revoke the probation on non-payment periods outside of the dates contained in the Violation of Probation." *Id.* at 16.

The State argues that "[a]t all times prior to and during the plea agreement, and up to the time the trial court revoked Snowberger's probation, Snowberger's child support obligation remained at two hundred and ninety-four dollars per week as originally established in Circuit Court under [Cause No. 58]." Appellee's Brief at 9. The State argues that "[t]he plea agreement was subject to this child support obligation unless and until modified by the Circuit Court" and that "the parties understood when they entered the plea agreement that the regular child support payments referred to the current support obligation of two hundred and ninety-four dollars per week in effect at that time." *Id.* The State argues that "evidence presented at the revocation hearing was sufficient to establish Snowberger's willful failure to pay," that the "evidence shows that Snowberger was not completely unemployed and did earn money from his limited employment," and that Snowberger "chose to ignore his obligation, no matter what he earned from what jobs he performed." *Id.* at 9, 11.

We recognize that Snowberger's child support obligation under Cause No. 58 was $294 per week and that Snowberger had not paid any amount of his child support obligation since April of 2008. However, the plea agreement expressly provided that "non-payment must be proven to be willful and that defendant has the ability to make said payment(s)." Appellant's Appendix at 18. We also note that although Locke, Snowberger's ex-wife, testified regarding several statements made by her children and that she was not aware of any inability of Snowberger to support his children, her testimony did not establish that Snowberger did have the ability to pay his support obligation or that his failure to pay was willful.

Snowberger testified at the hearing that he was not employed and had not been employed since approximately May 2006, when he sustained an injury when a tongue jack broke and came down on his foot and crushed it. Snowberger received worker's compensation benefits due to the injury with a whole body impairment rating of eighteen percent. Snowberger testified that he was last employed, prior to his injury, repairing railroad cars and earned just a little over $400 per week, and prior to that he was employed with another railroad company and made roughly $1,100 to $1,200 per week. Snowberger's current child support obligation is based on his prior salary $1,100 to $1,200 per week. We also observe that Snowberger had filed a Petition to Modify Support in Cause No. 58 on August 12, 2009, prior to the date he entered into the plea agreement, and that the petition was pending at the time that the State filed its violation of probation on September 29, 2009.

Snowberger further testified and presented evidence that he applied for social security disability, that his application was denied, and that he is currently appealing the denial. Snowberger testified that he has tried to obtain employment and has "probabl[y] [submitted] a hundred" applications over the last four years, including at Wal–Mart, McDonald's, gas stations, auto part stores, Kohl's, and fast food restaurants. He testified that he lived in a house owned by his current wife's family and did not pay rent, he owned a 1999 Ford Expedition with over 250,000 miles on it for which he owed $3,200, neither he nor his wife were employed, he has hunted deer and squirrel for food out of his back door, he has sold firewood and old chicken coop wood, he has a garden, and he lives off the land. Snowberger also testified that he bought his children clothes when they visited. Finally, when asked about whether his failure to pay support was

willful and if he would pay if he had the financial ability, Snowberger testified that his failure to pay was "not at all" willful, that he "tried everything under the sun" to make payments, that he would make support payments if he had the financial ability, and that he always made sure that he made the payments when he was employed. Transcript at 35.

Moreover, Haney, the probation officer assigned to Snowberger's case, testified that he did not make any investigation as to whether Snowberger's non-payment was willful or intentional. When asked whether or not Snowberger's payment was willful, Haney testified that he was "working on the assumption that it is." *Id.* at 18. Haney also testified that he never spoke with Snowberger after the plea agreement and before he filed the probation violation. When asked whether he made an investigation into whether Snowberger had the ability to make the support payments before he filed the violation, Haney testified "[n]o, I did not" and that he "looked at [Snowberger's] child support and what struck [him] is the fact that he hadn't paid anything." *Id.*

The State specifically agreed in Snowberger's plea agreement on August 19, 2009 that his probation would not be revoked unless his failure to pay support under Cause No. 58 was "proven to be willful" and that Snowberger "has the ability to make said payment(s)." Appellant's App. at 18. The Cass County Probation Department, through its probation officer Haney, filed a violation of probation notice on September 29, 2009—just forty-one days after Snowberger agreed to the terms of the plea agreement. Snowberger's failure to pay child support during the period from August 19, 2009 to September 28, 2009 as alleged in the violation notice does not show that the failure was willful or that Snowberger had the ability

to make the support payments. Absent additional evidence regarding Snowberger's willful failure to pay child support or his ability to make payments during that period of time, we are unable to say that the evidence supports the court's determination. Based upon our review of the testimony and other evidence presented at the probation revocation hearing as set forth in the record, we conclude that the evidence was insufficient to revoke Snowberger's probation.

Reversed.

DARDEN, J., and BRADFORD, J., concur.