**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 22 2014, 9:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID W. STONE, IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUSTIN KYLE LOY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1303-CR-148 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause Nos. 48D01-0703-FC-45
48D01-0711-FD-242
48D01-0908-FD-240

**January 22, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

Justin Kyle Loy appeals the trial court's order revoking his probation, challenging three of his alleged probation violations and arguing the trial court abused its discretion by revoking Loy's probation. Concluding the trial court did not abuse its discretion, we affirm.

Facts and Procedural History

The trial court's order in this case resulted in the revocation of Loy's probation in three separate causes.

In June 2007, Loy pled guilty to theft, a Class D felony, in Cause Number 48D01-0703-FC-00045 ("FC-45"). He was sentenced to thirty-two months imprisonment, with fourteen months executed and eighteen months suspended to probation.

In December 2007, Loy was charged in Cause Number 48D01-0711-FD-00242 ("FD-242") with three counts: failure to return to lawful detention, a Class D felony; theft, a Class D felony; and reckless possession of paraphernalia, a Class B misdemeanor. Loy pled guilty to all three counts and was sentenced to thirty-six months imprisonment, with twenty-four months executed and the remainder suspended to probation. That sentence was imposed consecutive to FC-45.

In August 2009, Loy was charged with escape, a Class D felony, in Cause Number 48D01-0908-FD-00140 ("FD-140"). He eventually pled guilty to that charge in January 2011. He received a sentence of thirty-six months imprisonment, with eighteen months executed and the remainder suspended to probation.

The State filed a notice of probation violation on the following dates: November 21, 2012 for FD-140; February 8, 2013 for FD-242; and February 26, 2013 for FC-45. An evidentiary hearing was held for the notices in all three causes on March 21, 2013. The State

2

presented evidence of two crimes committed by Loy while on probation: (1) driving while intoxicated and (2) possession of marijuana. The State also alleged a slew of technical violations by Loy, several of which Loy admitted. Violations to which Loy offered an admission include: entry to an establishment that serves alcoholic beverages as its primary business; failure to pay restitution and probation fees; failure to keep the probation department informed of his address; failure to comply with treatment recommendations following a substance abuse evaluation; failure to report new arrests to the probation department within forty-eight hours;[1] failure to verify employment to the probation department; and a curfew violation. At the hearing's conclusion, the trial court determined there was sufficient evidence to show Loy possessed marijuana, drove under the influence of alcohol, and committed multiple other violations. The trial court revoked Loy's probation in all three causes and imposed an aggregate term of four years in the Indiana Department of Correction.

## Discussion and Decision

### I. Standard of Review

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Heaton v. State, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). It is within the trial court's discretion to determine probation conditions and to revoke probation upon violation of a condition. Id. Thus, an appeal from a trial court's finding of a violation and the resulting sanction are reviewed only for an abuse of discretion. Id. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances or if it is contrary to law. Id.

---

[1] Loy testified that on each occasion he was arrested, he was incarcerated for more than forty-eight hours, which prevented him from reporting within that amount of time.

3

## II. Violations and Revocation of Probation

Loy challenges a number of his alleged violations, including the trial court's finding that he operated a vehicle while intoxicated, entered an establishment that serves alcoholic beverages as its primary business, and failed to pay restitution and probation fees. With respect to operating a vehicle while intoxicated, Loy contends that the blood test results submitted at the hearing lacked a proper foundation. However, Loy failed to make any objection to the admission of those results. A party's failure to raise a contemporaneous objection to evidence introduced at trial forfeits the issue for appeal. Delarosa v. State, 938 N.E.2d 690, 694 (Ind. 2010).

In an attempt to skirt the objection requirement, Loy notes that the probation revocation was tried before the bench, and he quotes a footnote from Estate of Fowler v. Perry, 681 N.E.2d 739, 741 n.2 (Ind. Ct. App. 1997), trans. denied, stating that "[w]hen a case is tried to the bench, we presume that the court ignored inadmissible evidence in reaching its judgment." Loy asserts that we must presume the blood test results were not relied on by the trial court—despite the lack of objection—and that there was no other evidence supporting a finding that he drove under the influence. While this is an admittedly creative argument, it is ultimately unpersuasive. In Hughes v. State, 481 N.E.2d 135, 137-38 (Ind. Ct. App. 1985), the defendant failed to object to the admission of breathalyzer test results but argued on appeal that the State failed to lay a proper foundation at trial. The court noted that "a defendant may not sit idly by while error is committed and later take advantage of it, where a proper objection made at trial could have corrected the error." Id. at 138. It then stated that the tests at issue are "clearly admissible," and "[h]ad objection been made to the lack of a proper foundation in this case, such foundation could then have been supplied." Id. The same is true in this case. Therefore, any argument that the blood test results lacked foundation has been forfeited by Loy, and the trial court's finding that Loy operated a vehicle while intoxicated is supported by the evidence.

Even assuming, *arguendo*, that Loy's remaining arguments are correct regarding his entry to an establishment that serves alcoholic beverages as its primary business and failure to pay restitution and probation fees, we conclude that the trial court's decision to revoke Loy's probation was not an abuse of discretion. The trial court found by a preponderance of the evidence that Loy committed two criminal offenses—possession of marijuana and operating a vehicle while intoxicated—while on probation. Additionally, Loy admitted to violating a number of other conditions the trial court considered technical violations. "The violation of a single condition of probation is sufficient to revoke probation." Snowberger v. State, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010). Multiple violations were found in this case, and the trial court was well within its discretion when in revoked Loy's probation.

## Conclusion

Concluding the trial court did not abuse its discretion by revoking Loy's probation and ordering him to serve four years in the Indiana Department of Correction, we affirm.

Affirmed.

BARNES, J., and BROWN, J., concur.