**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 13 2015, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Asst. to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MEGAN N. KINSEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A04-1408-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael R. Rader, Judge
Cause No. 84D05-1301-FC-91
Cause No. 84D05-1302-FD-379

**January 13, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

Case Summary and Issue

Megan Kinsel appeals the trial court's order revoking her probation, asking whether the trial court abused its discretion by revoking her probation and ordering her to serve the entirety of her two suspended sentences in prison. Concluding the sanction imposed by the trial court was not an abuse of discretion, we affirm.

Facts and Procedural History

The trial court's order in this case resulted in the revocation of Kinsel's probation in two causes.

On January 10, 2013, Kinsel was charged with escape, a Class C felony, under cause number 84D05-1301-FC-91 ("FC-91"). That charge was later amended to a charge of failure to return to lawful detention, a Class D felony.

On February 8, 2013, Kinsel was charged with possession of methamphetamine, a Class D felony, under cause number 84D05-1302-FD-379 ("FD-379").

On March 22, 2013, Kinsel pled guilty as charged under both FC-91 and FD-379. Under FC-91, Kinsel was sentenced to three years executed. Under FD-379, she received a three-year sentence, with two years suspended to probation. Kinsel's sentences for the two causes were ordered to be served consecutively.

In January 2014, Kinsel requested a modification of her sentence, which the trial court eventually granted on April 2, 2014. Kinsel was released from the Indiana Department of Correction and ordered to serve 617 days of formal probation under FC-91, consecutive to the two years of probation previously imposed under FD-379. Kinsel was ordered to report to Freebirds Solution Center ("Freebirds") and to remain

2

there for 180 days, and her conditions of probation included a requirement that she would not "possess or use any controlled substance, except as prescribed by a licensed medical practitioner." Appellant's Appendix at 75.

On May 27, 2014, Kinsel was discharged from Freebirds after testing positive for methamphetamine. She was allowed to return to the program two weeks later on June 9, but she was discharged once again on July 3 after arguing with Freebirds staff members, leaving, and failing to return. As a result of Kinsel's positive drug test and failure to successfully complete her time with Freebirds, the State filed a notice of probation violation. An evidentiary hearing was held on July 31, 2014. The trial court determined that Kinsel violated her probation, revoked her probation, and ordered her to serve the entirety of her previously suspended sentences. Kinsel now appeals.

## Discussion and Decision

### I. Standard of Review

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." Heaton v. State, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). It is within the trial court's discretion to determine probation conditions and to revoke probation upon violation of a condition. Id. Thus, an appeal from a trial court's finding of a violation and the resulting sanction are reviewed only for an abuse of discretion. Id. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances or if it is contrary to law. Id.

## II. Violations and Revocation of Probation

Probation revocation is a two-step process. Id. First, the trial court determines whether a probation violation actually occurred. Id. Second, if a violation is found, the trial court then determines what sanctions, if any, are appropriate. Id. In this appeal, Kinsel does not argue that the trial court erred by finding that a probation violation occurred; rather, she only contends that the sanction was an abuse of discretion.

Among the sanctions at the trial court's disposal is the power to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3). However, Kinsel argues that the trial court should not have exercised that power and instead should have placed Kinsel in a community corrections program. She claims that her issues with drug addiction are a mitigating circumstance and that she should be given another opportunity to serve the remainder of her sentence outside of prison. Kinsel also points to her successful completion of a drug-related program while incarcerated and the fact that she obtained employment when her sentence was modified.

While we believe it may have been reasonable to place Kinsel in community corrections, we cannot say the trial court's decision in this case was an abuse of discretion. Kinsel committed multiple violations of her probation conditions, and this court has previously said that "[t]he violation of a single condition of probation is sufficient to revoke probation." Snowberger v. State, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010). Moreover, one of Kinsel's violations—using methamphetamine—was the same conduct that landed her a conviction under FD-379 in the first place. The trial court is

afforded a great deal of discretion in probation matters, and we do not believe the trial court abused its discretion here.

Conclusion

Concluding the trial court's decision to revoke Kinsel's probation and order execution of the remainder of her sentences was not an abuse of discretion, we affirm.

Affirmed.

BAILEY, J., and BROWN, J., concur.