## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 14 2015, 9:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Douglas R. Long
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rex A. Shannon,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 14, 2015

Court of Appeals Cause No.
48A02-1409-CR-653

Appeal from the Madison Circuit Court.

The Honorable Dennis Carroll, Judge.

Cause No. 48D01-1106-FB-1043

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Rex A. Shannon (Shannon), appeals the trial court's revocation of his probation.

We affirm.

## ISSUES

Shannon raises three issue on appeal which we consolidate and restate as the following two issues:

(1) Whether Shannon received ineffective assistance of trial counsel; and

(2) Whether the trial court abused its discretion when it revoked his probation and imposed the balance of his previously-suspended sentence.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2011, the State filed an Information charging Shannon with one Count of unlawful possession of a firearm by a serious violent felon, a Class B felony; one Count of unlawful possession of firearm by domestic batterer, a Class A misdemeanor; and one Count of maintaining a common nuisance, a Class D felony. On December 19, 2011, Shannon entered into a plea agreement with the State in which he pled guilty to unlawful possession of a firearm by a serious violent felon, a Class B felony. On February 6, 2012, the trial court accepted the plea agreement and sentenced Shannon to thirteen years at the Department of Correction (DOC), with seven years suspended to

probation. The remaining Counts were dismissed as part of the plea agreement. Shannon was released to probation on March 31, 2014.

[5] On July 18, 2014, Madison County Deputy Sherriff Lance Blossom (Deputy Blossom) stopped Shannon, who was travelling at sixty-seven miles per hour in a fifty-five mile per hour speed zone. After initiating the traffic stop, Deputy Blossom approached Shannon's vehicle and he encountered the smell of marijuana emanating from inside. Deputy Blossom immediately called for assistance. When back-up arrived, Deputy Blossom again made contact with Shannon and explained what he had initially observed. To dispel Deputy Blossom's suspicion, Shannon stated that a search would not yield anything, and he consented to his vehicle being searched. In the center console, Deputy Blossom found an empty cigarette pack containing a yellow pill which was later confirmed to be hydrocodone. After reading Shannon his *Miranda* rights, Shannon informed Deputy Blossom that he had received the hydrocodone pill from a friend earlier that day and he did not have a prescription for it.

[6] On July 22, 2014, the State filed an Information charging Shannon with possession of a controlled substance, a Level 6 felony, Ind. Code § 35-48-4-7. The next day, Shannon's probation officer, Carl Chambers (Chambers), filed a notice of violation of probation alleging that Shannon: committed a new offense, failed to obtain a substance abuse evaluation, failed to pay his probation and administrative fees, and failed to maintain full-time work or verify his employment. A bifurcated evidentiary hearing was conducted on September 2 and 15, 2014, to consider whether or not to revoke Shannon's

probation. At the conclusion of the hearing, the trial court accepted Shannon's admission that he had not obtained a substance abuse evaluation and found that the State had met its burden in proving that Shannon had not worked full time as required, failed to authenticate his employment information, and committed a new crime. As a result, the trial court ordered Shannon to serve the balance of his seven-year term in the DOC.

Shannon now appeals. Additional information will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Ineffective Assistance of Counsel*

Shannon first urges us to find that his trial counsel was ineffective for failing to object or to suppress Deputy Blossom's testimony concerning the search of his vehicle.

We review claims of ineffective assistance of counsel under the two prongs set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind. 1997), *cert. denied*, 525 U.S. 1021 (1998). The same standard applies to claims of ineffective assistance of trial or appellate counsel. *Id*. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness as determined by prevailing norms, and that the lack of reasonable representation prejudiced him. *Randolph v. State*, 802 N.E.2d 1008, 1013 (Ind. Ct. App. 2004), *trans. denied*. To satisfy the first prong, the petitioner must show that counsel's performance was deficient in that counsel's

representation fell below an objective standard of reasonableness and that counsel committed errors so serious that petitioner did not have the "counsel" guaranteed by the Sixth Amendment. *Reed v. State*, 856 N.E.2d 1189, 1195 (Ind. 2006). To show prejudice, the petitioner must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Pruitt v. State*, 903 N.E.2d 899, 906 (Ind. 2009).

[10] When considering a claim of ineffective assistance of counsel, a "strong presumption arises that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Morgan v. State*, 755 N.E.2d 1070, 1072 (Ind. 2001). "[C]ounsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption." *Williams v. State*, 771 N.E.2d 70, 73 (Ind. 2002). Evidence of isolated poor strategy, inexperience, or bad tactics will not support a claim of ineffective assistance of counsel. *Pryor v. State*, 973 N.E.2d 629, 631-32 (Ind. Ct. App. 2012). In addition, when an ineffective assistance of counsel claim is based upon a failure to object, the defendant must first prove that an objection would have been sustained by the trial court had defense counsel objected at trial and, second, that he was prejudiced by the failure. *Mays v. State*, 719 N.E.2d 1263, 1265-66 (Ind. Ct. App. 1999), *trans. denied*.

Shannon argues that his trial counsel was ineffective for failing to object to Deputy Blossom's testimony regarding the fruits of the search. Shannon maintains that the search violated Article I, Section 11 of the Indiana Constitution and the Fourth Amendment to the United States Constitution. In countering Shannon's arguments, the State maintains that the trial court would not have permitted trial counsel's objection since Shannon consented to the search and that the search fell within the automobile exception. We agree.

The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, provides, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend IV. The Indiana Constitution includes a nearly-identical provision. Ind. Const. art. I, § 11; *Mitchell v. State*, 745 N.E.2d 775, 785–86 (Ind. 2001). "A traffic stop of an automobile and temporary detention of its occupants constitutes a 'seizure' within the meaning of the Fourth Amendment." *Bush v. State*, 925 N.E.2d 787, 789–90 (Ind. Ct. App. 2010). A search falls within the automobile exception when a vehicle is readily mobile and there is probable cause to believe it contains contraband or evidence of a crime. *Meister v. State*, 933 N.E.2d 875, 878-79 (Ind.2010) (citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)). When there is probable cause, police have the authority to search a vehicle and all containers located therein. *See Krise v. State*, 746 N.E.2d 957, 962 (Ind. 2001).

We note that Shannon does not argue that Deputy Blossom lacked probable cause to search the vehicle. Rather, he contends that the warrantless search was

improper because the odor of marijuana did not come from the cigarette box, but the car. We have recognized that the odor of marijuana on a person's breath and emanating from inside a vehicle may give rise to probable cause that a person possesses marijuana. *Edmond v. State*, 951 N.E.2d 585, 590–91 (Ind. Ct. App. 2011). As noted above, when probable cause exists, police have the authority to search a vehicle and all containers located therein. *See Krise*, 746 N.E.2d at 962.

[14] When Deputy Blossom stopped Shannon's vehicle he noticed the smell of burnt marijuana originating from Shannon's vehicle. Deputy Blossom testified that he was specifically looking for marijuana or "something of that nature" in Shannon's vehicle. (Transcript p. 50). Following Deputy Blossom's request to search the vehicle, and supported by the fact that there was probable cause to search the vehicle, Deputy Blossom found an empty cigarette pack in the center console containing a hydrocodone pill. At Shannon's evidentiary hearing, Deputy Shannon repeated Shannon's statements that Shannon had acquired the hydrocodone pill from a friend and had no prescription for it. Based on the foregoing, we conclude that the warrantless search was valid and that it did not violate Shannon's Fourth Amendment rights.

[15] Finding that the search was valid, we cannot say there is a reasonable probability that the objection to Deputy Blossom's testimony would have been sustained if made. Nor is there a reasonable probability that a motion to suppress would have been granted on this ground. Accordingly, Shannon has not met his burden of demonstrating that counsel's performance on this issue

fell below an objective standard of reasonableness. But even assuming for the sake of argument that counsel's failure to object or move to suppress Deputy Blossom's testimony regarding a search, Shannon has still failed to show that, but for counsel's error, the outcome of the trial would have been different. To be precise, Shannon has failed to show that, but for the testimony confirming that he committed a new offense—possession of a controlled substance—the trial court would not have revoked his probation. In the instant case, Shannon made an admission that he had failed to submit to a substance evaluation and that he also had failed to pay his probation or administration fees. This court has held that a single violation of the terms of probation is sufficient to revoke probation. *Snowberger v. State*, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010). Therefore, we find no ineffective assistance of counsel.

## II. *Probation Revocation*

[16] Lastly, Shannon argues that the trial court abused its discretion by ordering him to serve his previously suspended sentence. It is well established that a person's probation may be revoked if the person has violated a condition of probation during the probationary period. I.C. § 35-38-2-3(a)(1). We view probation as a matter of grace left to the trial court's discretion, not a right to which a defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Therefore, a probationer faced with a petition to revoke his probation is not entitled to the full panoply of rights he enjoyed before his conviction. *Cooper v. State*, 900 N.E.2d 64, 66 (Ind. Ct. App. 2009). For instance, the State only

needs to prove an alleged violation of probation by a preponderance of the evidence. *Id.*

[17] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination concerning whether a violation of a condition of probation has occurred. *Id.* Second, if the trial court finds a violation, the trial court must determine whether the violation warrants revocation of the probation. *Id.* When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* At this point, the probationer must be given the opportunity to present evidence that explains and mitigates his violation. *Id.*

[18] Shannon does not dispute that he failed to obtain a substance abuse evaluation, nor that his administration and probation fees were not current before the start of his evidentiary hearing. Shannon heavily contests the finding that the he had not maintained full-time employment or substantiated his employment details with his probation officer. In addition, Shannon maintains that he did not commit the new crime of possessing a controlled substance. At the probation revocation hearing, Chambers stated that Shannon was required to work 35 hours per week but had only worked "20 to 22 hours" over a "three week stretch." (Tr. p. 40). Most importantly, four months after being released from prison, Shannon committed a new offense. At Shannon's evidentiary hearing, Deputy Blossom reiterated Shannon's statement that he received the hydrocodone pill from a friend, and that he had no prescription. Shannon,

however, recanted his prior statements and instead called his girlfriend to testify that the hydrocodone pill was hers. This court has held that a probation hearing is civil in nature, and the State need only prove the alleged violations by a preponderance of the evidence. *Cox*, 706 N.E.2d at 551. As a fact-finder, the trial court had to weigh and determine whether to believe Deputy Blossom or Shannon. In this case, the trial court gave weight to Deputy Blossom's testimony.

[19] Lastly, we note that a single violation of the terms of probation is sufficient to revoke probation. *Snowberger*, 938 N.E.2d at 296. Shannon violated not just one, but several terms of his probation. As stated in the foregoing discussion, Shannon admitted that he had failed to submit to a substance abuse evaluation or make a good faith effort to pay his probation or administration fees. In addition, by a preponderance of the evidence, the State successfully proved that Shannon had failed to keep his probation officer informed about his employment details, nor had he worked full time as ordered. More importantly is that Shannon committed a new offense while still on probation.

[20] Based on the foregoing, it is apparent that Shannon chose not to follow the conditions of his probation. In light of the foregoing, we decline to disturb the trial court's decision to revoke Shannon's probation as he has failed to show that the trial court abused its discretion in ordering him to serve the entire term of the originally-suspended sentence.

## CONCLUSION

Based on the record before us, we conclude that the trial court did not abuse its discretion by ordering Shannon to serve his previously suspended sentence in the DOC.

Affirmed.

Vaidik, C. J. and Baker, J. concur