## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 10 2015, 9:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeffrey S. Jacob
Jacob, Hammerle & Johnson
Zionsville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Sidelinger,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff,*

June 10, 2015

Court of Appeals Cause No.
06A05-1411-CR-543

Appeal from the Boone Superior
Court
The Honorable Rebecca McClure,
Judge
Cause No. 06D02-0709-FB-1015

**Robb, Judge.**

# Case Summary and Issues

[1]   In early 2013, the State filed two petitions to revoke Michael Sidelinger's probation, alleging that he violated his probation by using methamphetamine

and by committing new criminal offenses of burglary and theft. The trial court eventually revoked Sidelinger's probation. He raises two issues on appeal: (1) whether it was a violation of due process to hold Sidelinger's probation violation hearing before resolution of his new criminal charges; and (2) whether there was sufficient evidence to establish that he violated the terms of his probation. Concluding that the timing of Sidelinger's hearing did not violate his right to due process and that there was sufficient evidence of his probation violations, we affirm.

## Facts and Procedural History

On September 14, 2007, the State charged Sidelinger with four counts of Class B felony burglary and four counts of Class D felony theft. On October 2, 2012, Sidelinger pled guilty to four counts of Class B felony burglary, and the State dismissed the remaining charges. On the same date, Sidelinger was sentenced to sixteen years, with nine years and 256 days executed and the remainder suspended to probation.[1]

On January 16, 2013, the State filed a petition to revoke Sidelinger's probation, alleging he committed new crimes of burglary and theft in Carroll County, for which he had been charged, and also that he used methamphetamine. On February 19, 2013, the State filed a second petition to revoke Sidelinger's

---

[1] Sidelinger's executed sentence amounted to time served.

probation, alleging that he had also committed and been charged with burglary and theft in Boone County.

[4] After several continuances, a hearing was held on October 23, 2014. Sidelinger admitted to using methamphetamine while on probation, and he also admitted to committing burglary in Boone County, for which he had been convicted after pleading guilty. Sidelinger did not admit to the allegations of burglary and theft in Carroll County, because that case was not yet resolved. The State presented evidence supporting that allegation through testimony from Delphi Police Department Officer Stephen Mullin. Sidelinger chose not to cross-examine Officer Mullin at the hearing. The trial court found the State proved its allegations by a preponderance of evidence and ordered Sidelinger to serve the remainder of his sentence with the Department of Correction. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[5] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (citation omitted). The trial court has discretion to set probation conditions and to revoke probation upon violation of a condition. *Id.* Thus, an appeal from a trial court's finding of a violation and the resulting sanction are reviewed only for an abuse of discretion. *Id.* An abuse of discretion occurs if

the decision is clearly against the logic and effect of the facts and circumstances or if it is contrary to law. *Id.*

## II. Due Process

Sidelinger contends that holding his probation revocation hearing prior to resolution of his new criminal charges in Carroll County violated his constitutional rights. Specifically, he claims he was denied his "right to confront and cross-examine adverse witnesses," although his argument also contains reference to his right to be free from self-incrimination. *See* Appellant's Brief at 3-4.

Although probationers are not entitled to the full spectrum of constitutional rights afforded to a defendant in a criminal trial, there remain some due process limits on the revocation of probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Our supreme court has identified the minimum due process requirements afforded to a probationer at a revocation hearing: "(a) written notice of the claimed violations of probation; (b) disclosure of the evidence against him; (c) an opportunity to be heard and present evidence; (d) the right to confront and cross-examine adverse witnesses; and (e) a neutral and detached hearing body." *Id.*

At the revocation hearing, Sidelinger was given the opportunity to cross-examine the State's witness, and he declined. *See* Transcript at 17. Thus, there is no merit to his claim that he was denied an opportunity to confront and cross-examine adverse witnesses at his hearing.

[9] To the extent that Sidelinger is attempting to make a more general due process argument or one based on his privilege against self-incrimination, he cites no case law or statutory provision supporting his position that a probation revocation hearing cannot be held until resolution of his new criminal charges. Indiana Code section 35-38-2-3, wherein due process requirements for probation revocation hearings are codified, *see Woods*, 892 N.E.2d at 640, contains no requirement that the hearing be held only after resolution of new criminal charges. Moreover, this court has previously held that a probation revocation hearing based on new criminal charges need not wait until after resolution of those charges. *See Davis v. State*, 743 N.E.2d 793, 794-96 (Ind. Ct. App. 2001), *trans. denied*. Sidelinger has not persuaded us that our decision in *Davis* was incorrect.

## III. Probation Violation

[10] Sidelinger also argues that there was not sufficient evidence to support a finding that he violated his probation. The trial court's discretion to revoke probation is triggered by a violation of a condition of probation. Ind. Code § 35-38-2-3(a). The State must prove a violation by a preponderance of the evidence. Ind. Code § 35-38-2-3(f).

[11] Sidelinger claims that the State's evidence of his probation violations was insufficient because the timing of his hearing prevented him from properly defending against the State's allegations. But as discussed above, holding the hearing before resolution of his charges in Carroll County did not violate his

due process rights. Even if introduction of evidence concerning recent crimes in Carroll County was improper, Sidelinger's admissions to the State's other allegations of burglary and methamphetamine use are sufficient to support the trial court's finding of a probation violation and the resulting revocation of probation. "When a probationer admits to the violations, the procedural safeguards [required for a revocation hearing] and the evidentiary hearing are unnecessary. Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation." *Woods*, 892 N.E.2d at 640. And this court has previously said that "[t]he violation of a single condition of probation is sufficient to revoke probation." *Snowberger v. State*, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010). Thus, the trial court was presented with sufficient evidence to find Sidelinger violated probation.

# Conclusion

[12] Concluding Sidelinger's due process rights were not violated and that there was sufficient evidence that he violated the terms of his probation, we affirm.

[13] Affirmed.

May, J., and Mathias, J., concur.