## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2019, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerry L. Berkley, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 9, 2019 <br><br> Court of Appeals Case No. 19A-CR-1555 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Michael Rader, Judge <br><br> Trial Court Cause Nos. 84D05-1604-F5-1029 84D05-1406-CM-1566 |

**Crone, Judge.**

# Case Summary

Jerry L. Berkley, Jr. appeals the trial court's order revoking his probation and executing the balance of his suspended sentence of six years. He argues that the trial court abused its discretion in ordering him to serve his full six-year sentence in the Indiana Department of Correction ("DOC"). Finding no error, we affirm.

# Facts and Procedural History

On April 18, 2016, in cause number 84D05-1604-F5-1029, the State charged Berkley with four counts: class A misdemeanor operating a vehicle while intoxicated; class A misdemeanor operating a vehicle with an ACE of .15 or more; level 5 felony operating a motor vehicle after forfeiture of license for life; and level 6 felony operating a vehicle while intoxicated based on a prior conviction under cause number 84D05-1406-CM-1566. The State also filed a notice of intent to seek habitual vehicular substance offender status, alleging that Berkley had three previous convictions for operating a vehicle while intoxicated, one in 2015 and two in 2000. On March 27, 2017, Berkley agreed to plead guilty to level 6 felony operating a vehicle while intoxicated and to the habitual vehicular substance offender enhancement. The trial court sentenced Berkley to a total of seven years, two years for the level 6 felony conviction and five years for the enhancement, with one year to be served on home detention and six years suspended to formal probation. Appellant's App. Vol. 2 at 87.

[3]     On October 14, 2017, the State filed a petition to revoke home detention placement, alleging that Berkley had violated the terms of his placement by failing to maintain contact as required by Vigo County Community Corrections, refusing to submit to testing three times, and possessing or using a controlled substance, based on one of his drug screens testing positive for Spice. *Id.* at 96-97. On November 2, 2017, Berkley admitted that he violated the terms of his home detention placement. *Id.* at 108. The trial court found that Berkley violated the terms of his home detention placement and ordered that he be evaluated by Community Corrections for placement in the Home Detention Program. Community Corrections determined that Berkley was not appropriate for placement in the Home Detention Program. *Id.* at 109-10. Berkley then served the remaining time of his home detention in Vigo County Jail.

[4]     On January 10, 2018, Berkley started formal probation. *Id.* at 109-11. On August 14, 2018, the State filed a notice of probation violation, alleging that Berkley failed to report to Adult Probation and failed to provide proof of enrollment at Substance Abuse Treatment. The trial court issued an amended order, directing that Berkley be evaluated for placement in the Jail Linkage Program, but that placement was determined to be inappropriate for Berkley.

On October 4, 2018, the trial court then ordered that Berkley be evaluated for placement at Club Soda.[1] Berkley was accepted into Club Soda.

[5] On March 14, 2019, the State filed an amended notice of probation violation, alleging that Berkley had been charged with class B misdemeanor public intoxication and class B misdemeanor possession of a synthetic drug or a synthetic drug lookalike. *Id.* at 135. On May 15, 2019, the State filed a second amended notice of probation violation, alleging that Berkley tested positive for Spice three times, failed to report for drug screens five times, failed to call the drug screen notification system four times, and failed to report to his probation officer. *Id.* at 139.

[6] On May 23, 2019, the trial court held a probation violation hearing. Berkley admitted that he failed the drug screen and that he had a substance abuse problem. The trial court found that Berkley violated the conditions of probation by failing three drug screens, failing to call the drug screen notification system four times, and failing to report to the probation officer. Regarding a suitable sanction for the violations, Berkley's probation officer indicated that either work release or home detention would be appropriate. Tr. Vol. 2 at 9. The State agreed and requested that Berkley be placed on home detention for one year. *Id.* at 10. Berkley informed the court that he had arranged to be readmitted to Club Soda for a 180-day program and asked to be

[1] Apparently, Club Soda is some type of residential facility that offers recovery programs for sober living. Appellant's App. Vol. 2 at 130.

allowed to enter the program.  In determining sanctions, the trial court noted that this was Berkley's fourth conviction for driving while intoxicated and that treatment programs that had been offered to him had apparently been unsuccessful.  *Id.*  In addition, the trial court explained,

> [T]he problem that I see is [your] … behavior puts the public at risk. So we've, you know we've tried the usual things. It doesn't seem to be working… I think you need to go over to the DOC and go through one of their programs and at least get a wake up call that the community is not going to tolerate … repeat drunk driving. I mean what am I supposed to do? Wait until you kill somebody?

*Id.* at 11.  The trial court revoked Berkley's probation and ordered him to serve the balance of his six-year suspended sentence in the DOC.  The trial court also ordered that a modification of Berkley's sentence be considered upon his successful completion of a clinically indicated addiction recovery treatment program.  This appeal ensued.

## Discussion and Decision

[7] Probation is a matter of grace left to the trial court's sound discretion, not a right to which a criminal defendant is entitled.  *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007).  The trial court sets the conditions of probation and may revoke probation if the probationer violates those conditions.  *Id.*  We review a trial court's probation violation determination for an abuse of discretion. *Jackson v. State*, 6 N.E.3d 1040, 1042 (Ind. Ct. App. 2014).  An abuse of discretion occurs where the trial court's decision is clearly against the logic and

effect of the facts and circumstances before it or where the trial court misinterprets the law. *Id.* In determining whether a trial court has abused its discretion, we neither reweigh evidence nor judge witness credibility. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2014). Instead, we consider conflicting evidence in the light most favorable to the trial court's ruling. *Id.*

[8] Probation revocation is a two-step process, wherein the trial court first makes a factual determination as to whether the probationer violated the terms of his probation. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). The violation of a single condition of probation is sufficient to revoke probation, *Snowberger v. State*, 938 N.E.2d 294, 296 (Ind. Ct. App. 2010), and the violation need not involve a criminal act. *See, e.g., Stephens v. State*, 818 N.E.2d 936, 938 (Ind. 2004) (where violation consisted of missing two psychosexual counseling sessions). Once the trial court has found that even a single violation has been committed, the court may impose one or more of the following sanctions: (1) continue probation, with or without modifying or enlarging the conditions; (2) extend the probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(h).

[9] Here, the trial court was well within its statutory authority to order execution of all six years of Berkley's previously suspended sentence. Nevertheless, Berkley argues that the trial court's sanction of the maximum allowable sentence in the harshest placement possible amounts to an abuse of discretion because his probation officer and the prosecutor opined that home detention or work

release for a year or more was the appropriate disposition and Berkley had arranged for enrollment in a 180-day addiction treatment program and had obtained secure housing and employment. We are unpersuaded.

[10] The record shows that Berkley has been convicted of operating while intoxicated four times. He has been offered probation and treatment programs but has not been able to curb his behavior and seemingly does not understand the danger he presents to himself and others. The trial court determined that Berkley had committed thirteen violations of his probation. Disturbingly, the vast majority of the violations are related to his drug usage. It is clear that Berkley requires something more than has already been offered to help him overcome his substance abuse issues and to emphasize that driving while intoxicated is unacceptable. While incarcerated, Berkley will be offered an addiction recovery treatment program. His successful completion of that program may result in a modification of his sentence. Under the circumstances presented here, we cannot say that the trial court abused its discretion in ordering Berkley to serve the balance of his suspended sentence in the DOC. Accordingly, we affirm.

[11] Affirmed.

May, J., and Pyle, J., concur.