Jeremiah COX, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0510–CR–960.

Court of Appeals of Indiana.

July 13, 2006.

Code § 34–58–1–2, this dismissal still counts toward the requirement contained in Indiana

Code § 34–58–2–1.

Michael G. Moore, Indianapolis, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

HOFFMAN, Senior Judge.

*STATEMENT OF THE CASE*

Defendant–Appellant Jeremiah Cox appeals the trial court's revocation of his probation. We affirm.

*ISSUES*

Cox raises two issues, which we reorder and restate as:

I. Whether the trial court properly conducted Cox's probation revocation hearing; and

II. Whether the trial court abused its discretion by ordering Cox to serve his six-year suspended sentence.

*FACTS AND PROCEDURAL HISTORY*

In July 2000, the State charged Cox with burglary as a class B felony and theft as a class D felony. In April 2001, Cox entered into a plea agreement, wherein Cox agreed to plead guilty to the burglary charge in exchange for the dismissal of the theft charge and a cap of ten years on the amount of executed time he would have to serve. Specifically, the plea agreement provided that the State would make the following sentencing recommendation: "No recommendation except that any executed sentence imposed not exceed ten (10) years and that restitution ... be made a condition of any probation imposed." Appellant's Appendix at 36. The trial court accepted the plea agreement and sentenced Cox to twelve years, with six years executed, six years suspended, and three years of probation.

In January 2005, the State filed a petition to revoke Cox's probation and an amended petition in February 2005, which alleged that Cox had: (1) failed to report to the probation department as directed; (2) failed to comply with substance abuse counseling; (3) failed to comply with mental health counseling; (4) failed to make a good faith effort to pay court-ordered monetary obligations; and (5) been arrested and charged in Morgan County with three counts of theft as class D felonies, four counts of criminal mischief as class B misdemeanors, and public indecency as a class A misdemeanor.

In August 2005, the trial court held an initial hearing on Cox's probation revocation. During the hearing, Cox stated that he had pleaded guilty to one count of theft from the Morgan County charges and that the other charges were dismissed. Also during the hearing, Cox indicated that he would hire an attorney and did not need one appointed for him.

Thereafter, Cox wrote a letter to the trial court indicating that he was going to represent himself at the probation revocation hearing. In his letter, Cox also admitted that he had "caught a new case" and indicated that he had been using drugs and that he would fail a drug test. Transcript at 8.

In September 2005, the trial court held Cox's revocation hearing and stated that it had "received a handwritten admission on all matters from Mr. Cox[,]" and Cox acknowledged that he had written the letter. *Id.* at 6. Thereafter, the trial court revoked Cox's probation and ordered that he serve his suspended six-year sentence in the Indiana Department of Correction.

*DISCUSSION AND DECISION*

I.

The first issue is whether the trial court properly conducted Cox's probation revo-

cation hearing. Cox argues that his procedural due process rights were violated because no evidence was presented during the revocation hearing.

■ When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Piper v. State*, 770 N.E.2d 880, 882 (Ind.Ct.App.2002), *trans. denied*. Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind.Ct.App.1997). However, once the State grants that favor, it cannot simply revoke the privilege at its discretion. *Id.* Probation revocation implicates a defendant's liberty interest, which entitles him to some procedural due process. *Id.* (citing *Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S.Ct. 2593, 2600–2601, 33 L.Ed.2d 484 (1972)). Because probation revocation does not deprive a defendant of his absolute liberty, but only his conditional liberty, he is not entitled to the full due process rights afforded a defendant in a criminal proceeding. *Id.*

■ The minimum requirements of due process include: (a) written notice of the claimed violations of probation; (b) disclosure to the probationer of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. *Id.* (citing *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604).

■ Probation revocation is a two-step process. *Id.* First, the court must make a factual determination that a violation of a condition of probation actually has occurred. *Id.* If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation. *Id.* Indiana has codified the due process requirements at Ind.Code § 35–38–2–3 by requiring that an evidentiary hearing be held on the revocation and providing for confrontation and cross-examination of witnesses and representation by counsel. *Id.; see also* Ind.Code § 35–38–2–3(d), (e). When a probationer admits to the violations, the procedural due process safeguards and an evidentiary hearing are not necessary. *Parker*, 676 N.E.2d at 1085. Instead, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* In making the determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.* at 1086, n. 4.

■ Here, Cox admitted that he had violated conditions of his probation. During an initial revocation hearing, Cox admitted that he had been convicted of theft. During the revocation hearing, the trial court stated that it had "received a handwritten admission on all matters from Mr. Cox" and asked Cox if he understood "that by admitting these things in writing [that he was] essentially left to throw [himself] on the mercy of the Court?" Transcript at 6. Cox replied, "Yes, sir." *Id.* The trial court stated that in Cox's letter he admitted that he had "caught a new case," that he had "been doing drugs[,]" and that he knew he would "test dirty." *Id.* at 8. Cox replied, "I want to go seek some treatment, you know, cause I know I have a—I know I have a drug problem … I'm just asking, you know, you guys too [sic] for another—you know, for another chance. I

mean, I'm not making excuses. I know that, you know, I messed up." *Id.* at 8–9. After the State indicated that it was seeking revocation of Cox's probation, Cox asked that the trial court take into consideration that he had been locked up since the time he was arrested on the theft charge. After noting that Cox had three prior revocations of probation and that he had violated probation in this case, the trial court revoked Cox's probation and ordered that he serve his six-year suspended sentence in the Indiana Department of Correction.

Despite Cox's arguments to the contrary, our review of the record indicates the trial court followed proper procedure when revoking Cox's probation and did not violate his procedural due process rights. Thus, the trial court properly revoked Cox's probation.

## II.

■ The next issue is whether the trial court abused its discretion by ordering Cox to serve his six-year suspended sentence. Cox argues that the trial court's imposition of a six-year sentence following revocation of his probation was error because it was contrary to the plea agreement originally accepted by the trial court following his guilty plea.

■ A plea agreement is contractual in nature and binds the defendant, the State and the trial court. *Bennett v. State,* 802 N.E.2d 919, 921 (Ind.2004). "It is within the trial court's discretion to accept or reject a plea agreement and the sentencing provisions therein; however, if the court accepts such an agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement." *Id.* at 921–922; *see also* Ind.Code § 35–35–3–3(e) ("If the court accepts a plea agreement, it shall be bound by its terms.")

Cox argues that because the trial court was bound by the terms of the plea agreement when sentencing him in his guilty plea hearing, *see* Ind.Code § 35–35–3–3(e), it was also bound by the plea agreement when sentencing him in his probation revocation proceeding. Specifically, he argues that the trial court, when sentencing him upon revoking his probation, could impose only four years of his six-year suspended sentence because his plea agreement provided that his executed sentence would not exceed ten years.

The State argues that the trial court properly ordered Cox to serve his entire six-year suspended sentence because the trial court had statutory authority, pursuant to Ind.Code § 35–38–2–3, to revoke Cox's probation and order an executed sentence upon finding that Cox had violated his probation. Indiana Code § 35–38–2–3(g)(3) provides that upon finding that a defendant a condition of probation, the trial court may "order execution of all or part of the sentence that was suspended at the time of initial sentencing."

We review a trial court's sentencing decision in probation revocation proceedings for an abuse of discretion. *Sanders v. State,* 825 N.E.2d 952, 956 (Ind.Ct.App. 2005), *trans. denied.* "When reviewing a trial court's decision to order a defendant's previously suspended sentence to be executed after revoking probation, we will not review the propriety of an original sentence." *Johnson v. State,* 692 N.E.2d 485, 488 (Ind.Ct.App.1998). However, a defendant "is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed." *Stephens v. State,* 818 N.E.2d 936, 939 (Ind.2004).

Although not raised or discussed by either party, *Crump v. State,* 740 N.E.2d 564

(Ind.Ct.App.2000), *trans. denied,* addresses the same argument raised by Cox. In *Crump,* the defendant entered into a plea agreement, which contained a provision that he would not receive an executed sentence greater than five years. *Crump,* 740 N.E.2d at 566. The trial court accepted the plea agreement and sentenced the defendant to eight years with two years executed on work release and five years probation. *Id.* The defendant violated his probation, and the trial court revoked his probation and work release and ordered him to serve eight years executed in the Indiana Department of Correction. *Id.* at 567.

▬ The defendant appealed and argued, among other things, that the trial court erred by imposing an eight-year executed sentence upon revoking his probation because such a sentence was contrary to the provision of his plea agreement that he would not receive an executed sentence greater than five years.[1] *Id.* at 572–573. The defendant argued that because the trial court, under Ind.Code § 35–35–3–3(e), was bound by the terms of a plea agreement when sentencing a defendant in a guilty plea proceeding, it was also bound by the terms of the plea agreement when sentencing a defendant in a probation revocation proceeding. *Id.* at 573. We disagreed, noted that the trial court had authority, pursuant to Ind.Code § 35–38–2–3(g), to order execution of a suspended sentence upon finding that the defendant had violated his probation, and held that the trial court did not abuse its discretion by ordering the defendant to serve his suspended sentence because the trial court properly revoked the defendant's probation under Ind.Code § 35–38–2–3. *Id.*

▬ We agree with *Crump* that, when conducting a probation revocation proceeding, a trial court is required to follow the provisions of Ind.Code § 35–38–2–3, but, to the extent that *Crump* suggests that it is acceptable for a trial court sentencing a defendant in a probation revocation proceeding to ignore Ind.Code § 35–35–3–3(e), we disagree. A plea agreement does not disappear after the trial court imposes its initial sentence. A plea agreement is contractual in nature and binds the defendant, the State, and the trial court. *Pannarale v. State,* 638 N.E.2d 1247, 1248 (Ind.1994). "Once [a trial court] has accepted a plea agreement recommending a specific sentence ... the terms of the agreement constrain the discretion the court would otherwise employ in sentencing." *Id.*

Here, pursuant to Ind.Code § 35–35–3–3(e), the trial court was bound by the terms of the plea agreement. Cox's plea agreement provided that the trial court could order Cox to serve up to ten years of an executed sentence and could place him

---

1. The defendant in *Crump* also argued that trial court, in his initial sentencing hearing, improperly imposed an eight-year sentence. *Crump,* 740 N.E.2d at 573. We refused to review the defendant's argument and held that his complaint about his initial sentence could not be reviewed in an appeal from the revocation of probation. *Id. See also Schlichter v. State,* 779 N.E.2d 1155, 1156–1157 (Ind.2002) (holding that a defendant may not collaterally challenge his sentence on appeal from his probation revocation); *Brewer v. State,* 830 N.E.2d 115, 118 (Ind.Ct.App.2005) (holding that a defendant's sentencing challenge that the trial court violated an express term of his plea agreement was a claim for post-conviction relief), *trans. denied.*

Similarly, Cox appears to challenge his initial sentence by suggesting that his "total" sentence should not have exceeded ten years. Appellant's Brief at 6. To the extent that Cox is challenging his sentence initially imposed, we will not review such an argument in an appeal from the revocation of probation. *See Crump,* 740 N.E.2d at 573; *see also Schlichter,* 779 N.E.2d at 1156–1157; *Brewer,* 830 N.E.2d at 118.

on probation. Specifically, the plea agreement provided that the State would make the following sentencing recommendation: "No recommendation except that any executed sentence imposed not exceed ten (10) years and that restitution ... be made a condition of any probation imposed." Appellant's Appendix at 36. Thus, Cox agreed that the trial court retained discretion to determine the total sentence that it could impose and to order Cox to serve probation.

The trial court accepted the plea agreement and sentenced Cox to twelve years, with six years executed, six years suspended, and three years of probation. Accordingly, the trial court's initial sentence complied with the terms of the plea agreement. *See Shaffer v. State,* 755 N.E.2d 1193, 1194–1195 (Ind.Ct.App.2001) (holding that the trial court's imposition of a six-year sentence with two years executed and four years suspended with the first two of those years on work release did not contravene the three-year cap on executed time contained in the defendant's plea agreement); *Page v. State,* 706 N.E.2d 230, 231, 233 (Ind.Ct.App.1999) (holding that the trial court's imposition of a ten-year sentence with two years executed and eight years suspended was in accordance with terms of plea agreement providing that the defendant was to receive a sentence of no more than six years executed), *trans. denied.*

Because Cox agreed in his plea agreement that the trial court could place him on probation, he impliedly agreed to comply with the terms of any such probation and to the imposition of any punishment or consequence for violating probation. Cox, however, violated his probation by committing another crime and using drugs. Upon finding a probation violation, the trial court was then required to look to the terms of the probation revocation statute, specifically Ind.Code § 35–38–2–3(g), for the potential consequences to be imposed for Cox's violation of probation. Indiana Code § 35–38–2–3(g)(3) gave the trial court authority to order execution of all or part of Cox's sentence that was suspended at the time of initial sentencing upon finding that Cox had violated a condition of his probation. Thus, the trial court did not abuse its discretion by ordering Cox to serve his six-year suspended sentence. *See* Ind. Code § 35–38–2–3(g).

### CONCLUSION

For the foregoing reasons, we affirm the trial court's revocation of Cox's probation.

Affirmed.

KIRSCH, C.J., and MATHIAS, J., concur.