**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 14 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RICHARD WALKER**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDI LYNN RAMSEY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1105-CR-443 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable David A. Happe, Judge
Cause No. 48E01-0502-FD-051 & 48E01-0704-FD-066

**February 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Respondent, Brandi Lynn Ramsey (Ramsey), appeals the sentence imposed by the trial court after revoking her probation.

We affirm.

## ISSUE

Ramsey raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it revoked her probation and ordered her to serve her previously suspended sentences.

## FACTS AND PROCEDURAL HISTORY

On February 7, 2005, the State filed an Information charging Ramsey with operating a vehicle after being adjudged an habitual traffic offender, a Class D felony, Ind. Code § 9-30-10-16(A)(1) under cause number 48E01-0502-FD-51 (Cause FD-51). On April 16, 2007, the State filed another Information, charging Ramsey with operating a vehicle as an habitual traffic violator, a Class D felony, I.C. § 9-30-10-16(a)(1) under cause number 48E01-0704-FD-66 (Cause FD-66). On May 23, 2007, Ramsey pled guilty to both charges and the trial court sentenced her to eighteen months on each charge, with sentences to run consecutively, all suspended.

On September 16, 2008, the State charged Ramsey with forgery, a Class C felony, I.C. § 35-43-5-2(b)(1). Thereafter, on December 23, 2008, the State filed a notice of probation violation in Cause FD-51 and Cause FD-66 for violating the terms of her probation by (1) having committed a new felony while on probation; (2) failing to report

2

her new address; (3) failing to report timely to probation and to verify employment; and (3) failing to pay court costs, fines, and probation fees. On February 22, 2011, the trial court conducted an evidentiary hearing during which Ramsey admitted the allegations contained in the State's notice of probation violation. The trial court ordered her probation revoked and sentenced her to eighteen months in the Department of Correction on each Cause but stayed the sentence upon completion of drug court.

On March 16, 2011, the drug court held an evidentiary hearing to determine Ramsey's eligibility for its program. During the hearing, she was questioned about the location of her minor children. Ramsey refused to answer the court's question. The drug court concluded that it would only allow Ramsey to enter the program if she would answer the drug court's questions. On April 19, 2011, the trial court conducted a hearing on Ramsey's failure to complete drug court. At this hearing, Ramsey again refused to answer the trial court's question with regards to the whereabouts of her children. The trial court lifted the stay on her sentence and sentenced her to eighteen months in each Cause with the sentences to run consecutively.

Ramsey now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Ramsey contends that the trial court abused its discretion when it revoked her probation and imposed a three year sentence at the Department of Correction. Specifically, Ramsey claims that the trial court "should have considered in-house detention which she had previously requested but which the court did not revisit. [Also]

Ramsey was not given a reasonable opportunity to participate in [d]rug [c]ourt." (Appellant's Br. p. 12).

When a trial court finds a person has violated a condition of probation, the trial court may continue the person on probation, extend the probationary period, or order execution of all or part of the sentence that was originally suspended. I.C. § 35-38-2-3(g). We review a sentencing decision in a probation revocation proceeding for abuse of discretion. *Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009). When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Cox v. State*, 850 N.E.2d 485, 486 (Ind. Ct. App. 2006).

Here, we do not consider the imposition of the executed sentence to be an abuse of discretion. Ramsey's criminal history includes four felony convictions and a long history of substance abuse issues. While on probation for two Class D felony charges, she committed a forgery, a Class C felony. Moreover, not only did Ramsey commit another crime while on probation, she also violated numerous other terms of her probation. Although Ramsey was given another chance with referral to drug court, she actively choose to become ineligible for participation by refusing to answer the drug court's questions. *See* I.C. § 33-23-16-13 (an individual is eligible to participate in a problem solving court program only if: . . . (2) the judge of the problem solving court approves the admission of the individual to the problem solving court). We conclude that the trial court did not abuse its discretion by imposing an eighteen month executed sentence on each Count.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it revoked Ramsey's probation and imposed the balance of her suspended sentences.

Affirmed.

FRIEDLANDER, J. and MATHIAS, J. concur