Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JULIO CHAVEZ, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1110-CR-899 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Judge
Cause No. 49G02-0604-FC-069542

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Julio Chavez appeals the revocation of his probation and the trial court's order that he serve the remaining two years of his sentence. Chavez contends that his deportation prevented his probationary period from beginning and made it impossible for him to report for probation. Because Chavez's probationary period began after sentencing and because Chavez failed to report to probation after returning to the United States, the trial court did not err in revoking his probation. We affirm.

**Facts and Procedural History**

On August 23, 2006, Chavez pled guilty to Class C felony carrying a handgun without a license. At the combined plea and sentencing hearing, the trial court learned that Chavez was in the country illegally and was likely to be deported sometime after sentencing. The court acknowledged this, stating, "Now, if INS decides to deport you, then I would ask probation to notify the Court, or INS to notify the Court and we'll suspend that probationary time – well, I'll consider that. I don't know what the situation would be." Tr. p. 23. A notation was also entered on the CCS, which read, "Court will waive probation if [Defendant] is deported from DOC." Appellant's App. p. 9. The trial court sentenced Chavez to four years in the Indiana Department of Correction ("DOC"), with two years suspended to probation. Chavez was ordered to report to the Marion County Probation Department upon his release from the DOC; however, Chavez was released from the DOC directly to federal immigration officers on June 1, 2007, and was deported to El Salvador in December 2007.

The Marion County Probation Department filed a notice of probation violation in December 2008, alleging that Chavez had never reported to probation. *Id.* at 30. In March 2011, Chavez reentered the country and was subsequently arrested in Texas. Five months later, a probation-violation hearing was held. An official from the Marion County Probation Department testified that Chavez had not reported to probation before his deportation or after his return to the United States. The trial court revoked Chavez's probation and ordered Chavez to serve the remaining two years of his previously suspended sentence with 168 days of jail-time credit.

Chavez now appeals.

**Discussion and Decision**

Chavez raises two issues on appeal, which we restate as: (1) whether the trial court erred when it revoked his probation because his probationary period never began and (2) whether the trial court erred by revoking his probation because his deportation made it impossible for him to report to probation.

Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of a condition of probation has occurred. *Id.* When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* At this step, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.*

Upon the revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or

3

enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; (3) order execution on all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g). We review a trial court's sentencing decisions for probation violations for an abuse of discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

Chavez first contends that his probationary period never began because he was deported upon release from the DOC. Specifically, Chavez contends that the trial court's statements about considering suspension of Chavez's probation, Tr. p. 23, and the CCS entry regarding waiver of probation, Appellant's App. p. 9, indicate that he would only be subject to probation if he was not deported. We disagree. We have held that a defendant's probationary period begins immediately after sentencing. *Baker v. State*, 894 N.E.2d 594, 596-98 (Ind. Ct. App. 2008). Here, the trial court clearly sentenced Chavez to four years in the DOC, with two years suspended to probation, and gave Chavez specific orders to report to the Marion County Probation Department upon his release from the DOC. We acknowledge that the CCS is the official record of the trial court and a trial court speaks through its docket. *Gibson v. State*, 910 N.E.2d 263, 267 (Ind. Ct. App. 2009). However, we consider the CCS reference at issue in conjunction with the trial court's statements. Here, the court's statements and the CCS entry at issue reflect the court's recognition that it would be unable to monitor Chavez or otherwise subject him to probationary requirements if he left the country. It is clear that the trial court did

4

not intend Chavez's probation to be contingent upon his deportation; rather that the trial court would consider the effect of such deportation at a later point in time. *See* Tr. p. 23 ("[W]e'll suspend that probationary time – well, *I'll consider that*. I don't know what the situation would be." (emphasis added)). We therefore conclude that Chavez's probationary period began after sentencing.

Chavez also argues that the trial court erred by revoking his probation because his deportation prevented him from reporting to probation as he was ordered to do. However, Chavez emphasizes only his inability to report after being released from the DOC to immigration authorities in 2007. Even if Chavez was unable to report to probation before his deportation, he does not acknowledge his failure to report to probation after his return to the United States in 2011. The trial court did not abuse its discretion in revoking Chavez's probation for his failure to report to probation.[1]

Affirmed.

ROBB, C.J., and BAILEY, J., concur.

---

[1] The trial court also noted that Chavez committed a new crime by reentering the country illegally in 2011. A single violation of a condition of probation is sufficient to revoke probation. *See Clark v. State*, 958 N.E.2d 488, 495 (Ind. Ct. App. 2011). However, as the State acknowledges, notice of this additional violation was not given to Chavez, and as such, could not have served as the basis for revocation of his probation. Appellee's Br. p. 8; *see J.H. v. State*, 857 N.E.2d 429, 432 (Ind. Ct. App. 2006) (citing *Bovie v. State*, 760 N.E.2d 1195, 1199 (Ind. Ct. App. 2002)), *trans. denied.*

Further, to the extent Chavez takes issue with the trial court's characterization of his immigration status when he reentered the country in 2011, this has no bearing on our conclusions, as we do not base our holding on this issue.