## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2015, 6:38 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Powers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 27, 2015

Court of Appeals Case No.
69A04-1502-CR-72

Appeal from the
Ripley Superior Court

The Honorable Jeffrey L. Sharp,
Judge

Cause No. 69D01-1204-FD-44

**Kirsch, Judge.**

[1] Following the revocation of his probation, Kenneth Powers appeals and raises the following restated issue: whether the trial court abused its discretion when, after Powers admitted to violating his probation, the court revoked Powers's probation and imposed a portion of Powers's previously-suspended sentence.

We affirm.

## Facts and Procedural History

In April 2012, the State charged Powers with Class D felony dealing in a substance represented to be a controlled substance and Class D felony possession or use of a legend drug or precursor. Several months later, Powers pleaded guilty to both counts, as charged, and was sentenced to three years of imprisonment, with credit for 202 days, and two years suspended to probation. In December 2014, the State filed a petition of probation violation.

At the January 21, 2015 hearing, Powers admitted that he had been drinking alcohol, failed a drug screen that showed he had consumed marijuana, and failed to attend approximately eighteen court-ordered Alcoholics/Narcotics Anonymous meetings. He also admitted that he was in arrears on payment of probation-related fees and that, on January 15, 2015, he had refused to submit to a drug screen and became verbally combative with his probation officer. The State presented argument regarding sentencing that, on more than one occasion, when Powers was to undergo a random drug screen, Powers told the officer that he wanted his sentence to be revoked as he did not want to be on probation. *Tr.* at 17. The State also reviewed with the trial court Powers's juvenile and adult convictions, consisting of misdemeanors up to Class C felonies. The trial court revoked 670 of the 730 suspended days of incarceration and ordered Powers to serve that term in the Department of Correction. He now appeals.

# Discussion and Decision

[5] When reviewing an appeal from the revocation of probation, we consider only the evidence most favorable to the judgment, and we will not reweigh the evidence or judge the credibility of the witnesses. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). Probation is a favor granted by the State, not a right to which a criminal defendant is entitled. *Id*.

[6] Probation revocation generally is a two-step process. *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008). Initially, the court must make a factual determination that a violation of a condition of probation actually has occurred through an evidentiary hearing that provides certain due process safeguards; if a violation is proven, then the trial court must determines if the violation warrants revocation of the probation. *Id*. When a probationer admits to the violations, the evidentiary hearing and procedural safeguards are unnecessary, and the trial court proceeds to the second step of the inquiry and determines whether the violation warrants revocation of the probation. *Id*. However, even if a probationer admits the allegations against him, he or she must be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id*.

[7] Here, Powers challenges the sentence imposed by the trial court after he admitted to violating his probation. He claims that the trial court's imposition of 670 days was too harsh, suggesting that only one year of the suspended sentence should be served. We review a trial court's sentencing decision in

probation revocation proceedings for an abuse of discretion. *Cox*, 850 N.E.2d at 489. While a defendant cannot collaterally attack the propriety of an original sentence in the context of a probation revocation proceeding, he or she is entitled to challenge the sentence that a trial court imposes after revoking probation. *Puckett v. State*, 956 N.E.2d 1182, 1186 (Ind. Ct. App. 2011).

[8] Powers asserts that the imposed 670-day sentence was too long and an abuse of discretion because at the hearing he admitted, "I have a drug problem," and thereafter he sent a letter to the trial court expressing his desire to enroll in an outpatient drug treatment program, thereby illustrating his desire to change. *Tr.* at 19. We are unpersuaded that any abuse of discretion occurred. Upon finding that a probationer has violated a condition of probation, a court may, among other things, order execution of all or part of the initial sentence that was suspended. Ind. Code § 35-38-2-3(h). Here, Powers offered nothing to the trial court beyond the sole statement, "I have a drug problem." *Tr.* at 19. In making its recommendation regarding sentencing, the State argued, and Powers admitted, that on more than one occasion, Powers was "verbally abusive" with his probation officer, refused drug screens, and indicated he did not want to be on probation. *Id.* at 16-17. The trial court had the authority to order Powers to serve the previously-suspended two years, 730 days, but it only required Powers to serve a portion of that sentence.[1] Powers has failed to establish that the trial

---

[1] We note that the trial court's written Order on Probation Violation placed Powers in the Purposeful Incarceration Program ("Program") at the Department of Correction. *Appellant's App.* at 68. At the revocation hearing, Powers stated, "I already did that." *Tr.* at 20. However, in a letter that Powers sent to

court abused its discretion when it revoked his probation and ordered him to serve 670 days of incarceration.

[9] Affirmed.

Najam, J., and Barnes, J., concur.

---

the trial court following the hearing, Powers expressed a desire to participate in and complete the Program. *Appellant's App.* at 70. Thus, Powers's participation in the Program is not clear from the record before us.