## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 10 2015, 9:42 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| R. Patrick Magrath<br>Laura Raiman<br>ALCORN SAGE SCHWARTZ &<br>MAGRATH, LLP<br>Madison, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Katherine Modesitt Cooper<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Davis,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 10, 2015<br><br>Court of Appeals Case No.<br>03A05-1412-CR-592<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Stephen R.<br>Heimann, Judge<br><br>Trial Court Cause No.<br>03C01-0309-FB-1356 |

**Mathias, Judge.**

[1] Anthony Davis ("Davis") pleaded guilty in the Bartholomew Circuit Court to Class B felony possession of methamphetamine. The trial court ordered Davis

to serve fifteen years in the Department of Correction with three years suspended. After being released from prison, Davis was arrested on new charges and also failed to report to probation. The trial court issued a bench warrant for his arrest and held a revocation hearing where Davis admitted to violating the terms of his probation. The trial court ordered Davis to serve the remainder of his suspended three-year sentence in the Department of Correction. On appeal, Davis argues that the trial court abused its discretion when it considered information contained in Davis's medical records in making its sentencing decision.

[2] We affirm.

## Facts and Procedural History

[3] On October 7, 2005, Davis pleaded guilty to Class B felony possession of methamphetamine. The trial court ordered him to serve a fifteen-year executed sentence with three years suspended to probation. He was released to probation on November 4, 2010. The terms of Davis's probation included, among other conditions, reporting to his probation officer and not committing any other offenses.

[4] While on probation, Davis was arrested for public intoxication after a suicide attempt on February 29, 2012. After this incident, Davis received mental health and substance abuse counseling through Meridian Services until February 2013. He also stopped reporting for probation at this time because his probation officer allegedly told him that revocation of his probation was certain. After he

failed to report on April 25, 2012, Davis's probation officer sent a couple of letters to the address Davis provided, but both were returned as undeliverable.

[5] The State then filed a petition to revoke Davis's probation on August 10, 2012. Several days later, the trial court issued a bench warrant for Davis's arrest. Davis was finally discovered and arrested more than two years later, on September 25, 2014.

[6] The trial court held a probation revocation hearing on December 8, 2014, at which Davis admitted to violating the terms of probation. At the hearing, Davis requested that the trial court take judicial notice of his medical records detailing his mental health and substance abuse counseling. He explained that he had some medical issues that were "quite severe" and would obtain better treatment if the trial courted permitted him to remain on probation. Tr. p. 35.

[7] The trial court considered that Davis continued to abuse alcohol and obtained opiates from the street, facts which were noted in his records from treatment at Meridian Services. Davis disputed the veracity of these reports. The trial court then ordered Davis's probation revoked and reinstated the balance of his three-year suspended sentence to be served in the Indiana Department of Correction. Davis now appeals.

## Discussion and Decision

[8] Davis does not contest the trial court's finding that he violated his probation by his arrest for public intoxication and his failure to report to probation. Rather,

he argues that the trial court abused its discretion when it ordered him to serve the remainder of his previously suspended three-year sentence. We review a trial court's sentencing decision for a probation violation as an abuse of discretion. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012) (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[9] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of probation has occurred. *Id.* When a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id.* In making a determination of whether the violation warrants revocation, the probationer must be given an opportunity to present evidence that explains and mitigates his violation. *Id.*

[10] Upon revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Alford*, 965 N.E.2d at 135; Ind. Code § 35-38-2-3(h)(1)-(3).

Here, Davis asserts that the trial court did not focus on his public intoxication conviction or failure to meet with his parole officer in determining his sentence, but instead highlighted instances of alcohol abuse and "getting opiates from the street." Tr. p. 37. He argues that it was improper to consider these factors in making its sentencing decision.

However, at the revocation hearing, Davis specifically asked the trial court to take judicial notice of his previously submitted medical records from the hospital and Meridian Services. He provided the records to the court to show that he had medical conditions requiring treatment that should mitigate his sentence. Accordingly, Davis invited any claimed error by presenting the records for the trial court to review. He cannot now argue that trial court abused its discretion by considering his medical records. "A party may not take advantage of an error that he commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Arthur v. State,* 950 N.E.2d 343, 347 (Ind. Ct. App. 2011). *See also Gamble v. State*, 831 N.E.2d 178, 184 (Ind. Ct. App. 2005) (Invited errors are not subject to review by this court).

For all of these reasons, the trial court did not abuse its discretion in considering the information in Davis's medical records when it ordered him to serve the remainder of his previously suspended three-year sentence.

Affirmed.

Baker, J., and Bailey, J., concur.