## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2016, 6:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Casey J. Lindeman
Lindeman Law, LLC
Huntingburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael D. Webb,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 12, 2016

Court of Appeals Case No.
19A01-1603-CR-515

Appeal from the Dubois Circuit Court

The Honorable Mark R. McConnell, Judge

Trial Court Cause No.
19C01-1408-F6-557

**Mathias, Judge.**

[1] The Dubois Circuit Court revoked Michael D. Webb's probation and ordered Webb to serve the eighteen-month balance of his previously suspended

sentence. Webb appeals and claims that the trial court abused its discretion in ordering him to serve the balance of his previously suspended sentence.

We affirm.

## Facts and Procedural History

On August 7, 2014, Webb peeped into the window of a woman's bedroom. The woman saw Webb and knocked on the window. Webb fled but was quickly apprehended and charged with Level 6 felony voyeurism. Webb pleaded guilty and was sentenced to twenty-seven months of incarceration, with eighteen months suspended to probation. One of the terms of his probation was not to commit any additional crimes.

On March 21, 2015, shortly after being released to probation, Webb was again charged with Level 6 felony voyeurism. On March 24, 2015, the State filed a petition to revoke Webb's probation on grounds that he had committed another crime, i.e., voyeurism. At a hearing held on January 15, 2016, Webb admitted to violating the terms of his probation. At a dispositional hearing held on February 5, 2016, the trial court heard testimony from Webb's probation officer and Webb. At the conclusion of the hearing, the trial court revoked Webb's probation and ordered him to serve the previously suspended eighteen months of his sentence. Webb now appeals.

## Standard of Review

Webb does not contest the trial court's finding that he violated the terms of his probation, as he admitted to such. He instead argues that the trial court abused

its discretion when it revoked his probation and ordered him to serve the remainder of his previously suspended eighteen-month sentence.

[6] Our courts have long noted that probation is an alternative to incarceration and is granted in the sole discretion of the trial court. *Davis v. State*, 743 N.E.2d 793, 794 (Ind. Ct. App. 2001), *trans. denied*. Accordingly, a defendant is not entitled to serve a sentence on probation; instead, probation is a matter of grace and a conditional liberty that is a favor, not a right. *Id*.

[7] Probation revocation is a two-step process. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). First, the court must make a factual determination that a violation of probation has occurred. *Id*. Where, as here, a probationer admits to the violation, the court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id*.

[8] Upon revocation of probation, a trial court may impose one or more of the following sanctions: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing. *Alford v. State*, 965 N.E.2d 133, 135 (Ind. Ct. App. 2012) (citing Ind. Code § 35-38-2-3(h)(l) – (3)).

[9] We review a trial court's sentencing decision following a probation violation for an abuse of discretion. *Alford*, 965 N.E.2d at 135 (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). An abuse of discretion occurs where the trial

court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

## Discussion and Decision

[10] Webb claims that several factors should have been considered by the trial court as weighing in favor of ordering him to serve the balance of his sentence in a community corrections program. Specifically, Webb notes that he admitted to violating his probation, had recently begun to attend a sex offender program, was gainfully employed, and that he helped care for his elderly grandmother.

[11] First, many of these factors were supported only by Webb's testimony, which the trial court was under no obligation to credit. Second, Webb was required by the terms of his probation to attend the Sex Offender Monitoring and Management program. Accordingly, he is not entitled to special consideration for doing what was required by the terms of his probation.

[12] Third, Webb's argument minimizes his long history of repeated criminal activity. At the time of the dispositional hearing, Webb was thirty-six years old. Yet his criminal history already included fifteen felonies and ten misdemeanors. His prior convictions include three felony convictions for voyeurism, three felony convictions for failing to register as a sex offender, two misdemeanor convictions for public indecency, and one felony conviction each for sexual misconduct with a minor, intimidation, and resisting law enforcement. Perhaps most telling is that Webb had been on probation for voyeurism for less than

three months when he violated the terms of his probation by again committing the very same offense.

[13] Under these facts and circumstances, the trial court was well within its discretion to give little credit to Webb's claim that "something just hit" and that he had "started looking at things differently now." Tr. p. 11. Although we sympathize with Webb's elderly grandmother, Webb's criminal behavior, and the resulting punishment, has unfortunate collateral consequences, the blame for which can only be laid at Webb's feet.

## Conclusion

[14] The trial court did not abuse its discretion when it revoked Webb's probation and ordered him to serve the eighteen-month balance of his previously suspended sentence.

[15] Affirmed.

Robb, J., and Brown, J., concur.