# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 24 2017, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William S. Matherly,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 24, 2017<br><br>Court of Appeals Case No.<br>84A04-1701-CR-198<br><br>Appeal from the Vigo County<br>Superior Court<br><br>The Honorable John T. Roach,<br>Judge<br><br>Trial Court Cause No.<br>84D01-1209-FC-2974<br>84D01-1207-FB-2176 |

**May, Judge.**

[1] William S. Matherly appeals the trial court's order, following revocation of his probation, that Matherly serve the remainder of his sentence in the Department of Correction ("DOC"). We affirm.

## Facts and Procedural History

[2] In 2012, under two different cause numbers, Matherly was charged with Class B felony unlawful possession of a firearm by a serious violent felon,[1] Class C felony possession of an altered handgun,[2] and Class C felony burglary.[3] Pursuant to a plea agreement, he pled guilty to possession of an altered handgun in one cause and burglary in the other cause. He was sentenced to four years on the possession charge with "[t]wo (2) years of said sentence . . . executed on Work Release." (App. Vol. 2 at 63.) He was also sentenced to a consecutive six-year sentence for the burglary charge. "Two (2) years of said sentence [to] be executed on Work Release . . . and four (4) years . . . suspended. [Matherly wa]s placed on formal probation for four (4) years." (*Id.* at 64.)

[3] In 2015, the State filed a petition to revoke probation alleging Matherly had failed drug screens for methamphetamine and marijuana. The trial court ordered Matherly be "returned to probation pursuant to the original terms and

---

[1] Ind. Code § 35-47-4-5 (2012).

[2] Ind. Code § 35-47-2-18 (1983) and Ind. Code § 35-47-2-23 (1997).

[3] Ind. Code § 35-43-2-1 (1999).

conditions [and to] enter Freebirds Solutions, Inc. . . . until he is successfully discharged[.]" (*Id*. at 87-88.) However, on October 20, 2016, the State filed another petition to revoke in which it asserted Matherly had been arrested for two new charges and tested positive for marijuana and methamphetamine. (*Id.* at 91.) Matherly admitted the violations, but the State and Matherly could not agree as to the sanction.

[4]    At the hearing on that petition, Matherly's probation officer, Amber Lowdermilk, stated Matherly "does well with structure," (Tr. at 15), but noted when she referred Matherly for outpatient alcohol and drug counseling, she did not "believe that was ever followed up on." (*Id.* at 13.) "[G]iven [Matherly's] prior violations and issues with the probation," Lowdermilk did not believe he would "be successful on probation [and] the only option [she] would think of [as a viable alternative] is in-patient or DOC." (*Id.*)

[5]    Matherly and his wife testified that his wife was homeless, disabled, and depended on him for care. Matherly also testified that he was currently unemployed due to the arrest underlying the probation violation, but he "was going to be hired [at Burger King in Brazil, Indiana] right before he was arrested." (*Id.* at 18.) Matherly said his wife had checked with the manager at Burger King and "[the manager] said that she would still give [him] a chance." (*Id.*) Matherly admitted he had addiction issues and requested "to be placed in the Jail Linkage Program and [given] another chance at a Sober Living

environment." (*Id.* at 21.) The trial court ordered Matherly to serve the remainder of his sentence for the burglary conviction at the DOC.[4]

# Discussion and Decision

[6] Matherly asserts the trial court abused its discretion in ordering him to serve the remainder of his sentence in the DOC when it is an undue hardship for his disabled wife, he suffers from substance abuse addiction, and there is a "less restrictive and more reasonable alternative available." (Appellant's Br. at 8.) The alternative to which he points is Vigo County's Jail Linkage program.

[7] Matherly admitted his violation, and "proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation." *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005), *reh'g denied*, *trans. denied*. On finding a defendant violated his probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3). We affirm the sanction imposed by a trial court following a probation violation unless the trial court abused its discretion. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.* When reviewing the decision, we consider only the evidence most favorable to the judgment without assessing

---

[4] The State and Matherly agreed the sentence for the possession of the altered handgun had been completed.

the credibility of the witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).

[8] Matherly had a previous probation violation, for which the trial court allowed him to remain on probation and to seek treatment for his addiction issues. However, Matherly again tested positive for marijuana and methamphetamine in 2016. Following testimony from his probation officer, himself, and his wife, the trial court ordered Matherly to serve the remainder of his sentence in the DOC. The trial court had given Matherly a chance to take advantage of addiction counseling but he continued to use drugs and commit other crimes. Even if we assume, for the sake of argument, Matherly could help his wife if he were not in the DOC, we cannot find an abuse of discretion in the trial court's order for him to serve the remainder of his sentence in the DOC as Matherly had squandered opportunities given to him by the trial court. *See Cox v. State*, 850 N.E.2d 485, 491 (Ind. Ct. App. 2006) (no abuse of discretion when court ordered Cox to serve the remainder of his suspended sentence after failing to comply with substance abuse recommendations and being arrested for subsequent crimes).

# Conclusion

[9] Matherly has not demonstrated the trial court abused its discretion in ordering execution of the remainder of his sentence in the DOC. Accordingly, we affirm.

Affirmed.

Brown, J., and Pyle, J., concur.