# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 27 2017, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pierre Burdette, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 27, 2017 <br><br> Court of Appeals Case No. 02A03-1702-CR-409 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy W. Davis, Judge <br><br> Trial Court Cause No. 02D05-1407-F6-42 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Pierre D. Burdette (Burdette), appeals the trial court's imposition of an executed sentence as a sanction for Burdette's admitted probation violation.

We affirm.

# ISSUE

Burdette raises one issue on appeal, which we restate as: Whether the trial court abused its discretion in sanctioning Burdette's probation violation.

# FACTS AND PROCEDURAL HISTORY

On October 8, 2014, under Cause Number 02D05-1407-F6-042 (Cause F6-042), Burdette pled guilty pursuant to a plea agreement to resisting law enforcement, a Level 6 felony, Ind. Code § 35-44.1-3-1(b)(1). In accordance with the plea agreement, the trial court entered a judgment of conviction and sentenced Burdette to a term of two years, fully suspended to probation. Twenty days later, on October 28, 2014, the State filed a petition to revoke Burdette's probation after he was charged with committing the additional offenses of resisting law enforcement as a Level 6 felony, driving while suspended with a prior as a Class A misdemeanor, and reckless driving as a Class B misdemeanor. The State's petition to revoke probation was amended on December 12, 2014, after Burdette absconded from supervision. On April 13, 2015, Burdette admitted to the probation violation. Accordingly, on April 23, 2015, the trial court modified Burdette's suspended sentence by sentencing him

to one year on home detention through Allen County Community Corrections, followed by one year of probation. Burdette completed his term of home detention and resumed supervised probation on March 4, 2016.

[5]    While still on probation, on November 8, 2016, Burdette was charged with having committed four new offenses under Cause Number 02D05-1611-F6-1218 (Cause F6-1218): domestic battery committed in the presence of a child, a Level 6 felony, I.C. § 35-42-2-1.3(a)(1),(b)(2); interference with the reporting of a crime, a Class A misdemeanor, I.C. § 35-45-2-5(1); invasion of privacy, a Class A misdemeanor, I.C. § 35-46-1-15.1(2); and criminal mischief, a Class B misdemeanor, I.C. § 35-43-1-2(a). The facts supporting these charges provide that on September 10, 2016, Burdette went to the home of his ex-girlfriend's mother, where the ex-girlfriend was present, despite the fact that his ex-girlfriend had an active protective order prohibiting Burdette from contacting her. Upon Burdette's arrival, Burdette's ex-girlfriend immediately called 9-1-1. As the ex-girlfriend was talking to a police dispatcher, Burdette snatched the phone from her hand and threw it on the ground, causing it to shatter. In the course of grabbing the phone away, Burdette scratched his ex-girlfriend behind the ear, and when she tried to retrieve the phone from the ground, Burdette pushed her away. The former couple's shared children, a five-year-old and a one-year-old, witnessed the event. Burdette fled the scene before the police arrived.

[6]    On November 14, 2016, the State petitioned to revoke Burdette's probation under Cause F6-042. On January 17, 2017, after a jury was sworn in for the

scheduled jury trial in Cause F6-1218, Burdette pled guilty to interference with the reporting of a crime as a Class A misdemeanor, invasion of privacy as a Class A misdemeanor, and criminal mischief as a Class B misdemeanor. In exchange, his charge of Level 6 felony domestic battery was dismissed. At the same time, Burdette also admitted that he had violated his probation under Cause F6-042 by committing the three misdemeanor offenses to which he had pled guilty.

[7] On February 16, 2017, the trial court held a combined sentencing hearing for Burdette's new convictions under Cause F6-1218 and his probation violation under Cause F6-042. In Cause F6-1218, the trial court imposed an aggregate sentence of one year. For Cause F6-042, the trial court revoked Burdette's probation and sentenced him to one year in the Indiana Department of Correction (DOC). The sentences in Cause F6-1218 and F6-042 were ordered to be served consecutively.

[8] Burdette now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[9] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, the trial court sets the conditions of probation and may revoke the privilege if said conditions are violated. *Id.* When reviewing an appeal from a probation revocation, our court considers only the evidence most favorable to the trial court's judgment, and we do not reweigh evidence or

assess witness credibility. *Cox v. State*, 850 N.E.2d 485, 488 (Ind. Ct. App. 2006). In considering probation revocation, the trial court must first determine that a violation of a probation condition has occurred; then, the trial court must determine if the probation warrants revocation. *Id.*

[10] As recognized by our supreme court, if a trial court exercises its discretionary grace to order probation in lieu of incarceration, it "should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial [courts] might be less inclined to order probation to future defendants." *Prewitt*, 878 N.E.2d at 188. As such, following a probation violation, a trial court's sentencing decision is reviewed under the abuse of discretion standard. *Id.* We will find an abuse of discretion "where the [trial court's] decision is clearly against the logic and effect of the facts and circumstances." *Id.*

[11] Here, Burdette does not dispute that he violated his probation by committing new crimes. Rather, Burdette claims that the trial court abused its discretion by ordering the entirety of his one-year probationary term to be executed in the DOC. Pursuant to Indiana Code section 35-38-2-3(h),

> [i]f the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[12] Although the trial court was statutorily authorized to order the one-year commitment to the DOC, Burdette contends that he should have been re-referred to home detention to serve out the suspended sentence. In support of this, Burdette cites his successful completion of home detention following his first probation violation. He also points to his claims during the sentencing hearing that the altercation was the result of his ex-girlfriend "keeping his children from him." (Appellant's Br. p. 9). Burdette asserts that his "crimes are in the nature of an isolated, emotional outburst, and thus are not likely to recur." (Appellant's Br. p. 9). He bids our court to "decide if a man's ill-conceived attempt to see his children is worth a year of freedom." (Appellant's Br. p. 9).

[13] We find that the trial court's chosen sanction was well within its discretionary authority. Burdette initially received his suspended sentence in October of 2014. Not even a month later, Burdette committed new crimes, including the same crime (resisting law enforcement) for which he was already on probation. Burdette also failed to appear for four probation meetings and could not be contacted; thus, he was alleged to have absconded. Nevertheless, the trial court accorded leniency and sanctioned Burdette by ordering him to serve one year of home detention, followed by one year of probation. Instead of taking

advantage of this second chance, Burdette once again violated the conditions of his probation by committing the crimes in F6-1218. Thus, he has not only demonstrated an utter lack of respect for the authority of the court, he has made it abundantly clear that he is incapable of serving his sentence while free in society. Moreover, as the State points out, Burdette refused to cooperate with the preparation of his pre-sentence investigation report and screening for an alternative sentence, leaving the trial court with little information to support any sanction other than an executed term.

Finally, we note that we are unpersuaded by Burdette's efforts to minimize the severity of his crimes as a basis for a more favorable sanction. There is nothing redeemable about Burdette's conduct. He admitted that while on probation under F6-042, he violated a protective order and subsequently got into an altercation with his ex-girlfriend in front of their young children, which resulted in a scratch to his ex-girlfriend and a shattered cell phone. He then attempted to shift the blame to the ex-girlfriend for somehow "provok[ing]" him. (Tr. Vol. II, p. 27). Regardless, the specific nature of his crime is irrelevant; the fact remains that Burdette committed multiple new offenses while on probation. Clearly, a term of incarceration is necessary in order for Burdette to comprehend the importance of abiding by the law.

# CONCLUSION

Based on the foregoing, we conclude that the trial court acted within its discretion by ordering Burdette to execute his suspended sentence following his probation violation.

[16]     Affirmed.

[17]     Najam, J. and Bradford, J. concur