## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 30 2020, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tina L. Mann
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles M. Ahnert, Jr.,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

November 30, 2020

Court of Appeals Case No.
20A-CR-1329

Appeal from the Vigo Superior
Court

The Honorable John T. Roach,
Judge

Trial Court Cause No.
84D01-2001-F6-245

**Najam, Judge.**

# Statement of the Case

Charles M. Ahnert, Jr. appeals his sentence following the trial court's revocation of his placement on probation. Ahnert presents a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve 180 days of his previously suspended sentence in the Vigo County Jail.

We affirm.

# Facts and Procedural History

In April 2020, Ahnert agreed to plead guilty to theft, as a Level 6 felony. In the same plea agreement, Ahnert admitted that his actions amounted to a violation of his probation following a prior conviction. On April 6, the trial court accepted Ahnert's plea and sentenced him to two and one-half years, all suspended to probation. As a condition of his probation, the court ordered Ahnert to submit to a substance abuse evaluation.

On April 16, the State filed its first notice of probation violation. In that notice, the State alleged that Ahnert had violated the terms of his probation when he failed to report to adult probation and when he failed to complete a substance abuse evaluation. Following an evidentiary hearing, the court found that Ahnert had violated the terms of his probation. Accordingly, on June 8, the court revoked a portion of Ahnert's previously suspended sentence and ordered him to serve ninety days in the Vigo County Jail. However, the court agreed to modify Ahnert's sentence if he were to be accepted into a sober living facility.

The same day, Ahnert was accepted into a facility, and the court modified his sentence to time served and returned him to probation on the condition that he reside at the sober living facility. Less than one week later, on June 14, Ahnert left the facility and did not return. As a result, Ahnert was unsuccessfully discharged from the facility.

[5] On June 15, the State filed its second notice of probation violation. In that notice, the State alleged that Ahnert had violated the terms of his placement when he failed to report to a scheduled telephonic meeting with his probation officer on June 12 and when he was unsuccessfully discharged from the sober living facility for absconding. Following an evidentiary hearing, the court found that Ahnert had violated the terms of his placement, revoked his probation, and ordered him to serve 180 days in the Vigo County Jail. This appeal ensued.

## Discussion and Decision

[6] Ahnert appeals the court's order that he serve 180 days of his previously suspended sentence. Probation is a matter of grace left to trial court discretion. *Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014). Upon finding that a defendant has violated a condition of his probation, the trial court may "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3) (2020). We review the trial court's sentencing decision following the revocation of probation for an abuse of discretion. *Cox v. State*, 850 N.E.2d 485, 489 (Ind. Ct. App. 2006). An abuse of discretion occurs "only where the trial court's decision is clearly against the

logic and effect of the facts and circumstances" before the court. *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam). We will not reweigh the evidence or reconsider witness credibility. *Griffith v. State*, 788 N.E.2d 835, 839-40 (Ind. 2003). Rather, we consider only the evidence most favorable to the trial court's judgment to determine if there was substantial evidence of probative value to support the court's ruling. *Id*.

[7]     On appeal, Ahnert does not dispute that he violated the terms of his probation when he failed to attend a telephonic meeting with his probation officer and when he left the sober living facility. But Ahnert contends that the court abused its discretion when it ordered him to serve 180 days of his previously suspended sentence because he had "explained" to the trial court that he only left the sober living facility in order to visit his newborn son who was having emergency surgery and because he was "unaware" that he had a scheduled meeting with his probation officer. Appellant's Br. at 8. In essence, Ahnert contends that the court should have placed him back on probation because his violations were "minor in nature" and because his testimony at the hearing was "mitigating evidence." *Id*. at 8, 9.

[8]     However, it is the duty of the factfinder, not of this Court, to determine whether to believe a witness' testimony, even if uncontradicted. *See Perry v. State*, 78 N.E.3d 1, 8 (Ind. Ct. App. 2017). And, here, the court expressly rejected Ahnert's testimony. Indeed, at the conclusion of the hearing, the trial court found that Ahnert's "story ma[de] absolutely no sense." Tr. at 15. Ahnert's

request for this Court to credit his testimony when the trial court did not amounts to a request that we reweigh the evidence, which we cannot do.

[9] The trial court's judgment is supported by substantial evidence and was within the court's sound discretion. Following Ahnert's guilty plea, the court sentenced him to two and one-half years, all suspended to probation, and ordered him to submit to a substance abuse evaluation. But, just ten days later, the State filed its first notice of probation violation after Ahnert had failed to report to probation and after he had failed to complete the evaluation. As a result of those violations, the court continued Ahnert on probation but with the added condition that he reside at a sober living facility.

[10] However, within one week of his acceptance into the facility, he missed a scheduled meeting with his probation officer and absconded from the facility. Further, Ahnert's conviction for theft in this cause constituted a violation of his probation for a prior conviction and resulted in the court terminating his placement on probation in that cause. In other words, despite the court's prior leniency, Ahnert has continued to violate the terms of his placement on probation. Accordingly, the court's order that Ahnert serve 180 days of his previously suspended sentence is supported by the record and is well within the trial court's discretion. We therefore affirm the court's judgment.

[11] Affirmed.

Riley, J., and Crone, J., concur.